# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1722

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Juan R. Sigala, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: December 10, 2007
Filed: April 3, 2008

———————

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

———————

COLLOTON, Circuit Judge.

Juan Sigala pled guilty to distribution of cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] sentenced Sigala to 24 months' imprisonment, the bottom of the advisory sentencing guideline range. Sigala appeals his sentence, arguing that the district court impermissibly applied a presumption of reasonableness to the advisory range, failed

———————

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

to consider the sentencing factors under 18 U.S.C. § 3553(a), and failed to provide adequate justification for the sentence.  We affirm.

Sigala first contends that the district court erroneously applied a presumption of reasonableness to the calculated guidelines range.  In *Rita v. United States*, 127 S. Ct. 2456 (2007), the Supreme Court held that a court of appeals may apply a presumption of reasonableness to a sentence within the advisory guidelines range, but said that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."  *Id*. at 2465.  *See also United States v. Robinson*, 516 F.3d 716, 718 (8th Cir. 2008).  We conclude that the district court did not apply an impermissible presumption in this case.

Sigala points to the following statement of the district court as demonstrating an impermissible presumption:  "To assist your attorney and the government and me, for that matter, to determine what a reasonable sentence is, we use the Federal Sentencing Guidelines."  (S. Tr. 4).  When this statement is considered in context, we think it is clear that the district court was not applying an impermissible presumption of reasonableness, but rather was explaining the proper sentencing procedure.  "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007) (citation omitted).  It is thus not incorrect to say that a sentencing court uses the guidelines "to assist" in determining what is an appropriate sentence.  Nothing in the balance of the record leads us to conclude that the district court applied an impermissible presumption.  After determining the advisory guidelines range, the court heard argument from counsel about what sentence should be imposed.  The court then stated that it was using the guidelines as advisory, and that after "considering the factors under 18 U.S.C. 3553," the court determined that a sentence of 24 months was "a reasonable and appropriate sentence." (Sent. Tr. 11).  This approach is not inconsistent with the direction of *Rita*.

We also conclude that the district court properly considered the sentencing factors in 18 U.S.C. § 3553(a), as required by *United States v. Booker*, 543 U.S. 220, 259-60 (2005), and adequately stated the reasons for the sentence. *See* 18 U.S.C. § 3553(c). In *Rita*, the Court said that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." 127 S. Ct. at 2468. This is because "[c]ircumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3[5]53(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Id.*

As in *Rita*, the district court's statement of reasons here was "brief but legally sufficient." *Id.* at 2469. Sigala's counsel argued for a more lenient sentence on the grounds that Sigala also faced removal from the United States under the immigration laws at the conclusion of his sentence, that Sigala "did attempt to cooperate with the government," that he tested negative for the use of drugs during the previous four years, and that he had maintained gainful employment. The record shows that the court listened to these arguments, but simply found the proffered circumstances insufficient to warrant a sentence lower than the advisory sentence of 24 months. *See* S. Tr. 7 ("[W]e use the Federal Sentencing Guidelines as advisory. I intend to follow them in this case, and I'm going to assess your punishment at 24 months."); *id.* at 11 ("[C]onsidering the factors under 18 U.S.C. 3553, the Court determines that the sentence of 24 months is a reasonable and appropriate sentence in this case."). We see no material distinction between this case and *Rita*, where the sentencing judge listened to the arguments and then said that the advisory sentencing range was not "inappropriate." *Rita*, 127 S. Ct. at 2469. In *United States v. Mosqueda-Estevez*, 485 F.3d 1009, 1013 (8th Cir. 2007), we held that a similar record was sufficient to demonstrate the district court's consideration of the § 3553(a) factors.

The judgment of the district court is therefore affirmed.

_____