# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1613

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Charles Barron,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　 *

_____

Submitted: September 23, 2008
Filed: March 5, 2009 **(Corrected 3/10/09)**

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Charles Barron pled guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Barron to 46 months' imprisonment, a term within the advisory guideline range of 46 to 57 months. Barron appeals his sentence, arguing that the district court abused its discretion by failing adequately to consider the need to avoid unwarranted sentence disparities under 18 U.S.C. § 3553(a) and by refusing to vary from the guideline range

_____

[1] The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

because of the "inherent inequity" of USSG § 2K2.1(a)(4)(B), which provides an increased base offense level for offenses involving large-capacity semiautomatic firearms. We affirm.

Under the framework for appellate review established by *Gall v. United States*, 128 S. Ct. 586 (2007), and *United States v. Booker*, 543 U.S. 220 (2005), we may consider contentions that the district court committed procedural error in imposing sentence and arguments that the sentence imposed is substantively unreasonable. Barron raises both procedural and substantive challenges, and we consider them in turn.

I.

Barron's procedural challenge is that the district court failed adequately to consider his arguments regarding alleged sentence disparity. Barron urged that a more lenient sentence was warranted in light of the sentence of probation granted to another defendant who Barron asserts was similarly situated. Barron also argued that he used his firearms only for lawful sporting purposes, and that his ineligibility for a reduction in offense level on that basis, because at least one of his firearms was a large-capacity semiautomatic weapon, would cause unwarranted sentence disparity. *See* USSG § 2K2.1(b)(2). Barron did not object at sentencing to the adequacy of the district court's consideration of § 3553(a)(6), so we review for plain error. *United States v. Gray*, 533 F.3d 942, 945 (8th Cir. 2008).

A district court commits procedural error if it fails to consider the § 3553(a) factors, *Gall*, 128 S. Ct. at 597, but the court need not recite all of the factors on the record, *United States v. Todd*, 521 F.3d 891, 897 (8th Cir. 2008), and it is not required to make a specific rejoinder to each argument advanced by the defendant. *United States v. Henson*, 550 F.3d 739, 742-43 (8th Cir. 2008); *United States v. Abdullahi*, 520 F.3d 890, 894 (8th Cir. 2008). We consider the entire sentencing record, not only

-2-

the district court's statements at the hearing, in determining whether the court's consideration of § 3553(a) was adequate. *Gray*, 533 F.3d at 944.

Here, Barron argued in his sentencing memorandum that the district court should impose the same sentence of probation that another district court imposed in *United States v. Francis*, No. 03-CR-03174 (W.D. Mo. Nov. 28, 2006), because Barron's offense conduct was similar to that of Francis. *See United States v. Francis*, 462 F.3d 810, 812-14 (8th Cir. 2006) (describing the relevant facts). Barron asserted that he, like Francis, had reason to believe that the prohibition on his possession of firearms had ended, and urged that a failure to grant him the same degree of leniency accorded to Francis would cause unwarranted sentence disparity.

The record satisfies us that the district court adequately considered this contention. The court made clear that it studied Barron's sentencing memorandum, which set forth the argument based on *Francis*. Although neither the court nor the parties expressly mentioned *Francis* or the need to avoid unwarranted disparities at the sentencing hearing, the court did hear extensive argument and testimony regarding Barron's state of mind. The court found that there was no basis for Barron to believe that he could lawfully possess firearms, thus rejecting the heart of Barron's argument regarding *Francis* and alleged sentence disparity. Moreover, given the broad discretion now accorded district judges in applying the § 3553(a) factors, we decline to impose a procedural requirement that a district judge, at the request of one party, must compare and contrast the defendant under consideration with a similar offender who has been sentenced by another federal judge in another judicial district, and articulate on the record why the two offenders are sentenced differently. While the Supreme Court said that district courts under the new regime should "take account of sentencing practices in other courts," *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007), it is unrealistic to expect that in any given case, the parties can produce information about individual sentences imposed in numerous proceedings around the country that may involve offenders similar to the defendant under consideration. It

would give too much weight to the decision of one district judge if we were to require that the sentencing court use a single example cited by one party as the reference point for an appropriate sentence under § 3553(a).

We also discern no procedural error in the district court's response to Barron's argument about disparity allegedly caused by his ineligibility for the lawful sporting purposes reduction under the guidelines. The advisory guidelines provide that the defendant's base offense level in a firearms case will be reduced to six if the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms." USSG § 2K2.1(b)(2). The provision is not applicable, however, if the defendant is subject to the enhancement for possession of a large-capacity semiautomatic firearm. *Id*. The district court could have rejected this disparity argument out of hand, on the basis that the conduct of defendants who possess hunting rifles or shotguns is not similar to that of defendants who possess large-capacity semiautomatic weapons, and that "disparity" between the two situations is warranted. But the court here went further by considering and rejecting the factual premise of Barron's argument, concluding that "a finding that these firearms were used for hunting purposes or sporting purposes or for collection might be more reasonable but for the fact that there were so many of these firearms. So much ammunition." (S. Tr. 43). Having determined that Barron's claim of possessing the firearms solely for sporting purposes was unpersuasive, the court explained that his argument for a variance did not "carry very much weight at all." (*Id*.). We are thus satisfied that the district court adequately considered Barron's arguments about the need to avoid unwarranted sentence disparities in this case.

## II.

We review the substantive reasonableness of Barron's sentence under a deferential abuse-of-discretion standard. *Gall*, 128 S. Ct. at 597. The district court

sentenced Barron to a term within the advisory range recommended by the Sentencing Commission, so we presume that it is substantively reasonable. *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005); *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007).

Barron argues that the district court abused its discretion by refusing to vary from the advisory guideline range because of what he terms the "inherent inequity" of the guideline that determined his base offense level, USSG § 2K2.1(a)(4)(B). When adopted in 1995, this provision provided for a base offense level of 20 when the defendant was a "prohibited person" and the "offense involved a firearm described in . . . 18 U.S.C. § 921(a)(30)." USSG § 2K2.1(a)(4)(B) (Nov. 1995); *see also* USSG App. C, amend. 522. Section 921(a)(30) was enacted as a part of a 1994 Act of Congress that defined and prohibited the manufacture, transfer, or possession of a "semiautomatic assault weapon." *See* Public Safety and Recreational Firearms Use Protection Act, Pub. L. No. 103-322, Title XI, Subtitle A, § 110102, 108 Stat. 1996, 1997 (1994). The Act, however, included a ten-year sunset provision, *see id.* § 110105, and when Congress did not reauthorize the Act, § 921(a)(30) was repealed in 2004.

Guideline § 2K2.1(a)(4)(B) continued to reference the repealed § 921(a)(30) until 2006. At that time, the Sentencing Commission amended the provision to provide for a base offense level of 20 if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." USSG App. C, amend. 691. An application note to the guideline defines such a firearm as "a semiautomatic firearm that has the ability to fire many rounds without reloading," because "a magazine or similar device that could accept more than 15 rounds of ammunition" was attached or in close proximity to the firearm at the time of the offense. USSG § 2K2.1, comment. (n.2).

Barron does not dispute that the district court properly applied the guideline to his conduct, and the guideline itself is a proper exercise of the Sentencing Commission's authority. Although Congress repealed its ban on possession of semiautomatic assault weapons, the Commission's decision to recommend enhanced punishment for prohibited persons who possess such weapons does not conflict with any statute, and the guideline is therefore valid. *Cf. United States v. Whitehead*, 425 F.3d 870, 871-72 (10th Cir. 2005) (holding that the repeal of § 921(a)(30) did not affect the validity of the prior version of § 2K2.1(a)(4)(B), which continued to reference the repealed § 921(a)(30)). Barron argues, however, that the district court should have varied downward from the advisory range, because it is inequitable to impose enhanced punishment for the possession of firearms that may be possessed lawfully by non-prohibited persons. We see no abuse of discretion in the district court's decision to sentence within the advisory range.

Barron contends that, like the crack cocaine guidelines at issue in *Kimbrough*, the enhanced offense level for large-capacity semiautomatic firearms lacks the empirical support that underlies many of the sentencing guidelines. In *Kimbrough* and *Spears v. United States*, No. 08-5721, 2009 WL 129044 (U.S. Jan. 21, 2009) (per curiam), the Supreme Court established that a sentencing judge's categorical disagreement with, and variance from, the crack cocaine guidelines on pure policy grounds is "not suspect" on appellate review, because those guidelines "do not exemplify the Commission's exercise of its characteristic institutional role." *Spears*, 2009 WL 129044, at *2 (internal quotation omitted). The Court has been equivocal about whether a sentencing court owes greater deference to guidelines that do exemplify this "characteristic institutional role," and whether closer appellate review is warranted with respect to variances from such guidelines. *See Kimbrough*, 128 S. Ct. at 574-75; *Gall*, 128 S. Ct. at 610 n.3 (Alito, J., dissenting); *cf. Kimbrough*, 128 S. Ct. at 576-77 (Scalia, J., concurring). But assuming that a sentencing court *may* disregard § 2K2.1(a)(4)(B) on pure policy grounds, *Kimbrough* and *Spears* do not hold that a district court *must* disagree with any sentencing guideline, whether it

reflects a policy judgment of Congress or the Commission's "characteristic" empirical approach. *See United States v. Battiest*, No. 08-2228, 2009 WL 160943, at *4 (8th Cir. Jan. 26, 2009). *Kimbrough* is therefore inapposite to the question whether the district court in this case was *required* to vary downward based on disagreement with the enhancement for possession of large-capacity semiautomatic firearms.

The core of Barron's argument is that once Congress repealed the prohibition on semiautomatic assault weapons, there was no rational basis for the Sentencing Commission to impose enhanced punishment in cases involving this type of firearm. The Commission, however, has authority to implement its own policy judgments about the relative severity of federal crimes, *see Mistretta v. United States*, 488 U.S. 361, 377 (1989), and the district court after *Booker* may evaluate the Commission's recommended sentence in light of § 3553(a). It was not unreasonable for the district court to accept the Commission's recommendation regarding large-capacity semiautomatic weapons, and to sentence Barron more harshly than if he had possessed, say, rifles or shotguns. As we said in *United States v. Ray*, 411 F.3d 900, 905 (8th Cir. 2005), while addressing a related question, the "decision makes sense, given that semiautomatic weapons are likely more dangerous than other kinds of weapons." *Id.* at 906; *see also United States v. Marceau*, No. 08-1011, 2009 WL 161870, at *2-3 (1st Cir. Jan. 26, 2009).[2]

---

[2]Barron also asserts that the Sentencing Commission's definition of a "semiautomatic firearm capable of accepting a large-capacity magazine" adds to the "inequity" of his sentence, because the greater offense level would not apply to a defendant who possessed the same type of weapon without a large-capacity magazine in close proximity to the firearm. *See* USSG § 2K2.1, comment. (n.2). The Commission evidently believed that a convicted felon with a semiautomatic firearm was more dangerous if he had ready access to a large-capacity magazine than if he did not, and Barron does not explain why this judgment was unreasonable. In any event, the question presented on this appeal is not the reasonableness of the distinctions made by the Sentencing Commission, but whether the sentence chosen by the district court is reasonable with regard to § 3553(a). For the reasons stated, we conclude that the district court did not abuse its considerable discretion.

\*    \*    \*

The judgment of the district court is affirmed.

_____