# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2710

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| vs. | * | District Court for the Eastern |
| | * | District of Arkansas |
| Anthony Jones, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 2009
Filed: April 27, 2009

_____

Before MURPHY and SMITH, Circuit Judges, and KAYS,[1] District Judge.

_____

KAYS, District Judge.

Anthony Jones pled guilty to a single count of possession of child pornography, and the district court[2] sentenced him to 78 months imprisonment, a term within the advisory guidelines range. Jones appeals, arguing that the sentence imposed was procedurally and substantively unreasonable. We affirm.

_____

[1] The Honorable Greg Kays, United States District Judge for the Western District of Missouri, sitting by designation.

[2] The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

## I. Background

Following the execution of a search warrant that found approximately 5,000 images of child pornography on his computer, appellant Anthony Jones was charged with receipt and distribution of child pornography. He pled guilty by agreement to a single count of possession of child pornography.

Prior to his sentencing Jones filed a 37 page memorandum identifying ten factors that supported a downward departure or variance from the guidelines range. In it Jones argued he was handicapped from birth by Asperger's Syndrome, that he was raised by a bipolar father who subjected him to mental and emotional abuse, that he suffered physical pain from degenerative arthritis and isthmic spondylolisthesis (a narrowing and bulging of vertebrae disks), and that he had recently had back surgery. Jones suggested he could best be treated outside of prison, noting he had done well on pretrial home incarceration and that he was doing well taking anti-anxiety and anti-depressant medication under his doctor's care, and argued incarceration would exacerbate his health problems. Jones stipulated his total offense level was 28 and that the guidelines sentencing range was 78 to 97 months.

At the outset of the sentencing hearing the district court acknowledged reading Jones' memorandum and stated, "In determining a sentence, I'll consider the factors applicable in the statutes including 18 United States Code Section 3553 and the regulations of the Guidelines, the federal sentencing Guidelines, and I'll sentence within the Guidelines unless there's–within the Guideline range, unless there's a reasonable ground not to." The court agreed that Jones' offense level was 28 with a Guideline range of 78 to 97 months.

Jones suggested that in order to properly calculate the guideline range the court needed to consider any applicable departures. Jones asserted that his mental, physical,

and emotional factors warranted a downward departure separate from the § 3553(a) factors. The court responded, "I'll come back to that departure later." The court then announced that it was adopting the probation officer's report. Counsel for Jones interjected that it might be "prudent for the Court to rule on whether the departures apply because if you rule that they do, then there could be a downward . . . departure from that guideline range." The court responded, "I'll note your records made here and relate it back, whichever way I rule." The court held the guidelines range was 78 to 97 months and then heard argument as to the appropriate sentence.

Jones made a detailed argument to the court that included a PowerPoint presentation. Jones urged the court to depart below the guidelines range because of the nature and circumstances of the offense, his history and characteristics, the availability of alternate sentences, and the need to avoid unwarranted sentencing disparities. Jones also suggested his incarceration would work a hardship on his family because he provided care to his elderly parents.

The government requested a sentence within the guidelines. It argued Jones' mental, emotional, and physical limitations were taken into account when it allowed him to plead to a single count of possession of child pornography, that time served was not an available option, and that home incarceration was not reasonable in this case. The government suggested Jones would receive treatment at a facility designated for sex offenders, that a medical facility could address his back injury, and that he was not irreplaceable in caring for his parents. The government distinguished this case from two others in which the defendant was given a shorter term, and pointed out that Jones was well-educated, had a good employment history, lived on his own, and held a driver's license. It argued there was no evidence that Asperger's Syndrome caused Jones to commit this crime.

Before imposing sentence the court observed that defense counsel had "done a lot of work obviously" on her client's case. The court then imposed a sentence of 78 months to be followed by 10 years of supervised release, ordered mental health

counseling, recommended Jones be placed in the proper medical and psychological facility, explained his appeal rights, then announced it was in recess.

Defense counsel then stated, "I just want to make sure that I renewed my objection to the presentence report's failure to recognize the downward departures and also I believe that it's proper procedure for the Court to make individualized findings of facts as to the 3553(a) factors that we presented." The court replied, "All right. Let me get the 3553 factors here. What pages are they on in your memo?" Defense counsel then directed the court to the list of factors in the memo's table of contents. The court stated,

> Yes. I've taken all of these factors into consideration and I do not believe that individually any two of them or any group of them warrant a departure below the guidelines. Regardless of what position the presentence report takes, I do not believe that a downward departure is appropriate. That's my finding. Note your objection, save your exception. Anything else?

Following a brief discussion of surrender dates, the hearing ended.

Jones appeals.

## II. Discussion

### A. Procedural Reasonableness

Jones contends the sentence was procedurally unreasonable because the district court failed to state its reason for imposing a guidelines range sentence.

To preserve *Rita*[3] or *Gall*[4] error for appeal a defendant must do more than request a non-guidelines sentence, he "must object to the district court's erroneous application of the law." *United States v. Bain*, 537 F.3d 876, 881 (8th Cir. 2008). If preserved for appeal we review a procedural error under an abuse of discretion standard; if not properly preserved we review for plain error. *Id.*

### i. *Rita* error

Jones alleges the district court committed *Rita* error by failing to sufficiently explain its findings of fact with respect to the 18 U.S.C. § 3553(a) factors and demonstrate that it had considered the parties' arguments and had a reasonable basis for exercising its decision-making authority. Jones did not object to this purported failure, thus we review for plain error.

When analyzing the § 3553 factors a district court is not required to provide a full opinion in every case. *Rita v. United States*, 551 U.S. 338, --, 127 S. Ct. 2456, 2468 (2007); *United States v. Phelps*, 536 F.3d 862, 865 (8th Cir. 2008); *United States v. Sigala*, 521 F.3d 849, 851 (8th Cir. 2008); *see also United States v. Mosqueda-Estevez*, 485 F.3d 1009, 1012 (8th Cir. 2007) (noting, in a pre-*Rita* decision, that defendants "do not have a right to have their sentences handed down according to any particular script"). The sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasonable basis for exercising his own legal decisionmaking authority." *Rita*, 127 S. Ct. at 2468. "The appropriate length of the statement will vary by case and may be relatively brief if the district court rests its decision on the Sentencing Commission's reasoning and 'decides to apply the Guidelines to a particular case.'" *United States v. Roberson*, 517 F.3d 990, 994 (8th Cir. 2008) (quoting *Rita*, 127 S. Ct. at 2468). In determining

---

[3] *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007).

[4] *Gall v. United States*, -- U.S.--, 128 S. Ct. 586 (2007).

whether the district court adequately considered the § 3553 factors we review the entire sentencing record, not just the judge's statements at the hearing. *Phelps*, 536 F.3d at 866.

In *Sigala* we held the district court's statement was "brief but legally sufficient" because the record showed that the court listened to defendant's arguments and found the circumstances of his particular case to be insufficient to warrant a sentence lower than the advisory sentence. 521 F.3d at 851. The present case is analogous to *Sigala*. While the district court could have said more, it is clear from the record that the court considered Jones' arguments and found from the facts of his case that he deserved a sentence on the low end of the advisory guidelines. Although the court did not discuss all the evidence in the record, clearly the court understood it. The court read defendant's sentencing memorandum, which contained a detailed discussion of the applicable § 3553 factors, and stated it would consider all the § 3553 factors. The court also listened to Jones' evidence, watched his PowerPoint presentation, and observed that defense counsel had done a lot of work on the case. At the conclusion of the hearing the court stated, "I've taken all of these [§ 3553] factors into consideration and I do not believe that individually any two of them or group of them warrant a departure below the guidelines." Far from ignoring Jones' arguments, the court found them persuasive enough to impose a sentence equal to the minimum suggested by the guidelines. *Rita* instructs the district court to discuss the § 3553(a) factors in more depth where–as here–the defendant presents nonfrivolous reasons for a different sentence or a downward variance. 127 S.Ct. at 2468. We find the district court's explanation was sufficient and there is no *Rita* error.

## ii. *Gall* error

Jones also alleges the district court committed *Gall* error by failing to make an individualized assessment of the defendant's case based on the facts presented. The issue is properly preserved and we review for abuse of discretion. *Bain*, 537 F.3d at 881.

While the district court's explanation of its individualized assessment was brief, it is clear from the record that the court made an individualized assessment. At the conclusion of the hearing the court reviewed a list of the relevant § 3553(a) factors contained in defendant's memorandum and confirmed that "I've taken all of these factors into consideration." While "a district court commits procedural error if it fails to consider the § 3553(a) factors," it "need not recite all the factors on the record," nor is it "required to make a specific rejoinder to each argument advanced by the defendant." *United States v. Barron*, 557 F.3d 866, 868 (8th Cir. 2009) (internal citations omitted).

## B. Substantive Reasonableness

We review the substantive reasonableness of the district court's sentence under a deferential abuse of discretion standard. *Id.* at 870. Given that the district court committed no significant procedural error and the sentence is within the advisory guidelines, we presume the sentence is substantively reasonable. *United States v. Magana-Aguirre*, 546 F.3d 957, 960 (8th Cir. 2008).

Jones argues his sentence is unreasonable because the court failed to consider as a basis for a downward variance that the application of the Guidelines to sex crimes involving children tends to produce sentences greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a). Jones contends these Guidelines do not "exemplify the Commission's exercise of its characteristic institutional role" of basing

determinations on "empirical data and national experience, guided by a professional staff with appropriate expertise," because for policy reasons Congress has directed the Commission to raise penalties with respect to these offenses. *See* United States Sentencing Commission, Fifteen Years of Guidelines Sentencing at 72-73 (Nov. 2004).

We recently observed that the Supreme Court "has been equivocal about whether a sentencing court owes greater deference to guidelines that do exemplify this 'characteristic institutional role,' and whether closer appellate review is warranted with respect to variances from such guidelines." *Barron*, 557 F.3d at 871 (citations omitted). "But assuming that a sentencing court *may* disregard" a sentencing guideline on policy grounds, this does not mean "a district court *must* disagree with any sentencing guideline, whether it reflects a policy judgment of Congress or the Commission's 'characteristic' empirical approach." *Id.* (emphasis in original). Consequently, we cannot say the district court abused its discretion in denying Jones' request for a downward variance.

The judgment of the district court is affirmed.

———————————————