# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1215/1216

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeals from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Arkansas. |
| Ronrico Antonio Crutchfield, | * |
| | *   [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: July 7, 2009
Filed: July 10, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ronrico Crutchfield appeals the sentence of 8 months in prison that the district court[1] imposed after revoking his supervised release. For reversal, he argues that the court erred by failing to properly consider the relevant sentencing factors under 18 U.S.C. § 3553(a). We affirm.

At the sentencing hearing, the district court entertained arguments from both sides as to where to sentence Crutchfield: the defense directed the court's attention

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

to Crutchfield's efforts to obtain employment and the circumstances underlying some of his supervised-release violations, while the government pointed to Crutchfield's lengthy history of violating supervised release. Prior to imposing sentence, the district court commended Crutchfield for finding employment, but expressed concern over his poor history on supervised release. We find that the district court sufficiently considered the section 3553(a) factors. See United States v. Hernandez, 518 F.3d 613, 616 (8th Cir. 2008) (court need not mechanically list each § 3553(a) factor so long as it is clear that court considered factors); United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and § 3553(a) factors).[2]

Accordingly, we affirm the judgment. We also grant counsel's motion to withdraw.

_____

[2]Further, the sentence, near the bottom of the applicable advisory revocation range, was not unreasonable. See United States v. Jones, 563 F.3d 725, 729 (8th Cir. 2009) (where district court commits no significant procedural error and sentence is within advisory Guidelines, sentence is presumed to be reasonable).