# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1870

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　Eastern District of Arkansas.
Jacques Jay Weston, doing business　*
as Love Worth Seeking Ministries, Inc.,　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　　 *

_____

Submitted:  November 16, 2009
Filed:  December 21, 2009

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jacques Jay Weston pleaded guilty to making a false statement to a financial institution, in violation of 18 U.S.C. § 1014, and was sentenced to eighteen months' imprisonment.  He appeals from his sentence, arguing that the district court[1] treated the U.S. Sentencing Guidelines (guidelines) as presumptively reasonable.  We affirm.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

At Weston's sentencing hearing, the district court stated, "I'll work through the factors in 18 United States Code Section 3553 and the sentencing guidelines. I'll sentence within the guidelines range unless there's a reasonable ground to go above or below." Sentencing Tr. at 3-4. After ruling on Weston's objections to the presentence investigation report, the district court determined Weston's guidelines-range sentence to be fifteen to twenty-one months' imprisonment, based on his offense level of fourteen and his criminal history category of I. Weston and his mother asked for leniency, following which the district court imposed the above-stated sentence. Weston raised no objections to the sentence.

Weston contends that the district court applied a presumption of reasonableness to the guidelines-range sentence and thus committed a procedural error in violation of Nelson v. United States, 129 S. Ct. 890 (2009) (per curiam), Gall v. United States, 552 U.S. 38 (2007), and Rita v. United States, 551 U.S. 338 (2007). We review Weston's claim for plain error because he did not properly preserve it. United States v. Jones, 563 F.3d 725, 729 (8th Cir. 2009) (applying plain error review to an alleged procedural error because defendant failed to object).

In Nelson v. United States, the Supreme Court concluded that the district court erred in applying a presumption of reasonableness to defendant's guidelines range. 129 S. Ct. at 892. The district court had sentenced the defendant to a guidelines-range sentence, explaining that "the Guidelines are considered presumptively reasonable, so that unless there's a good reason in the statutory sentencing factors, the Guideline sentence is the reasonable sentence." Id. at 891 (alterations and internal quotations omitted). The Supreme Court emphasized that "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable" and found "it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guidelines range." Id. at 892.

We disagree with Weston's contention that his case is analogous to <u>Nelson</u>, and we conclude that the district court's statement that it intended to apply a guidelines range sentence "unless there's a reasonable ground to go above or below" did not amount to error. Unlike the sentencing judge in <u>Nelson</u>, the district court did not plainly state that it considered the guidelines to be presumptively reasonable, saying only that it planned to sentence Weston within the guidelines range. The statement was made during the court's introductory remarks and indicated the court's willingness to sentence Weston outside of the guidelines range if it found some reason to do so. After making the statement and before imposing the sentence, the court engaged in a lengthy discussion with Weston's counsel and with Weston himself about the objections to the presentence investigation report and the facts related to the offense. Moreover, the district court had read the letters submitted on Weston's behalf, allowed Weston's mother to speak, and commended Weston for being a good son. In light of this record, we conclude that Weston has failed to show that the district court presumed the guidelines-range sentence was reasonable. <u>See</u> <u>United States v. Bain</u>, 586 F.3d 634, 638-39 (8th Cir. 2009) (distinguishing <u>Nelson</u>).

To the extent Weston argues that the district court committed procedural error for failing to explain adequately its reasons for an eighteen-month sentence, we conclude that the argument is without merit. Although the district court could have said more about the sentence it imposed, the record reflects that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." <u>Rita</u>, 551 U.S. at 356. As set forth above, the sentencing transcript reflects that the district court was fully aware of the evidence relevant to Weston's sentence at the time it reached its decision to sentence him within the guidelines range.

The judgment is affirmed.

_____