# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1710

_____

United States of America,

*Plaintiff - Appellee,*

v.

Glorisha Santos,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 18, 2012
Filed: November 30, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

PER CURIAM.

On July 13, 2011, Glorisha Santos pleaded guilty to unlawful possession of a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C.

§ 922(g)(3). The district court[1] calculated an advisory guideline range of 33 to 41 months' imprisonment, granted the government's motion for a downward departure under USSG § 5K1.1, and sentenced Santos to 23 months' imprisonment. Santos appeals the sentence, and we affirm.

Santos first argues that the district court committed procedural error by declining to decrease her offense level under USSG § 3E1.1 for acceptance of responsibility. The district court ruled that although Santos pleaded guilty, her conduct on pretrial release was inconsistent with acceptance of responsibility, and that she was not entitled to a downward adjustment. The court found that while Santos was on release pending sentencing, she harbored a fugitive co-defendant, Rashad Ivy, in her home for three days, failed to report Ivy's whereabouts to her probation officer, and made false statements to a United States Marshal who was attempting to locate and apprehend Ivy.

Santos contends that the district court clearly erred in denying the downward adjustment, because she agreed to plead guilty within thirty days of arraignment, assisted the government in several prosecutions, and engaged in voluntary self-rehabilitation. Even conduct that "constitute[s] significant evidence of acceptance of responsibility," however, can be "outweighed by conduct of the defendant that is inconsistent with such acceptance." USSG § 3E1.1, comment. (n.3). At sentencing, Santos testified that her conduct with respect to the fugitive was attributable to abuse and intimidation by Ivy. But the district court found that her explanation was not credible, because the testimony was largely a product of leading questions by her counsel, the story was "of recent origin," and her specific claim that Ivy dominated her by taking all of her money was inconsistent with other evidence. We accord great deference to a district court's determination on acceptance of responsibility. *See*

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

*United States v. Canania*, 532 F.3d 764, 772 (8th Cir. 2008). The court's findings and determination were adequately supported by the record, and there was no procedural error in calculating the advisory guideline range.

Santos next claims that the sentence imposed was substantively unreasonable under 18 U.S.C. § 3553(a). She highlights three aspects of the sentence that allegedly make it unreasonable. We review the district court's decision under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

Santos asserts that it was unreasonable for the district court to set a base offense level pursuant to USSG § 2K2.1. She maintains that the guideline is flawed because it does not "draw any distinction between drug users and drug addicts or between different types of controlled substances." In her view, offenders who possess a firearm as drug "addicts," or as users of PCP, methamphetamine, or heroin, should be assigned a higher base offense level than those who possess a firearm as users of marijuana. Assuming for the sake of analysis that a sentencing court may vary from an advisory guideline on pure policy grounds in a mine-run case, *cf. Kimbrough v. United States*, 552 U.S. 85, 109 (2007), neither the Supreme Court nor this court has held that a court *must* do so. *See United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009). The Sentencing Commission opted to set the same base offense level for all drug users who unlawfully possess a firearm. The district court was presented with no evidence showing that users of other drugs are more dangerous than users of marijuana when they possess a firearm. Even if there were such evidence, and assuming it warranted a variance, it is not self-evident that the proper recourse would be to vary downward for a marijuana user rather than to vary upward for a user of PCP or heroin. It was not unreasonable for the district court to follow the recommendation of the Sentencing Commission and to set Santos's base offense level in accordance with § 2K2.1.

Santos also complains that the district court's decision creates an unwarranted sentence disparity between her and one of her co-defendants, Sophia Melendez. The governing statute calls for the court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Melendez also pleaded guilty to unlawful possession of a firearm as a drug user and received a sentence of eight months' imprisonment. The district court found, however, that her situation was different than Santos's, because Melendez accepted responsibility, did not harbor a fugitive, and did not lie to the Marshals Service while it was trying to apprehend the fugitive. These are legitimate distinctions between the two defendants, and it was not an abuse of discretion for the court to determine that different terms of imprisonment for Santos and Melendez created no unwarranted sentence disparities.

Finally, Santos says that the district court failed to consider the "extraordinarily unique circumstances" of the case that she thinks warranted a shorter term of imprisonment. Santos contends that she possessed the firearm solely for personal protection, because she felt endangered as a prosecution witness in a murder case, that her absence of criminal history was a strong mitigating factor, and that she engaged in significant post-offense rehabilitation by obtaining a GED and securing part-time employment at a coffee shop. The district court was skeptical of Santos's asserted justification for possessing the firearm, noting that it was a high-powered weapon with a large-capacity magazine that Santos apparently did not know how to use. The court also was not convinced by Santos's claims of significant post-offense rehabilitation, in light of evidence that she harbored a fugitive, lied to the Marshals Service, and apparently continued to work as an adult dancer. There was a reasonable foundation for the court's decision and, under the highly deferential standard that applies to our review, there was no abuse of discretion.

The judgment of the district court is affirmed.

_____