# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2598

_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 28, 2018
Filed: November 27, 2018

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Jermaine Jackson pled guilty to three charges: conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; and two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] applied U.S.S.G. § 4B1.1, the Career

_____

[1] The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

Offender Guideline, and increased Jackson's offense level due to two prior state court convictions for a "controlled substance offense." The district court specifically found that Jackson's 2015 Missouri conviction for possession of a controlled substance (heroin) with intent to distribute under Mo. Rev. Stat. § 195.211 (2015) was a qualifying conviction. Jackson appeals on grounds that the guidelines range was improperly calculated and that the sentence imposed is substantively and procedurally unreasonable. We affirm.

## I. Background

The court determined that Jackson had a total offense level of 31 and placed him in Criminal History Category VI, yielding a sentencing guideline range of 188-235 months. The court varied downward and sentenced Jackson to a term of 150 months on the drug trafficking count and concurrent 120-month terms on the firearms convictions. At the sentencing hearing, Jackson did not object to the guideline calculation. Jackson now appeals, arguing that his 2015 Missouri drug conviction is not a qualifying controlled substance offense, and that the sentence is substantively and procedurally unreasonable.

## II. Discussion

This court reviews *de novo* the district court's interpretation and application of the Guidelines. See United States v. Mohr, 772 F.3d 1143, 1145 (8th Cir. 2014). However, issues raised for the first time on appeal are reviewed for plain error. United States v. Ruiz-Salazar, 785 F.3d 1270, 1272 (8th Cir. 2015) (per curiam). Under plain error review, "the party seeking relief must show that there was an error, the error is clear or obvious under current law, [and] the error affected the party's substantial rights." United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011) (citing United States v. Curry, 627 F.3d 312, 314-15 (8th Cir. 2010) (per curiam)). We will reverse "only if the error 'seriously affect[s] the fairness, integrity or public reputation

of judicial proceedings.'" Puckett v. United States, 556 U.S. 129, 135 (2009) (alteration in original) (quotation marks omitted) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)).

Jackson argues that his prior Missouri conviction for possession of a controlled substance with intent to distribute does not qualify as a "controlled substance offense" under the Sentencing Guidelines because the Missouri statute is broader than the definition of "controlled substance offense." Jackson's argument is foreclosed by precedent. United States v. Reid, 887 F.3d 434 (8th Cir. 2018) (rejecting the defendant's argument that Mo. Rev. Stat. § 195.211 criminalizes conduct broader than the Guidelines definition); United States v. Thomas, 886 F.3d 1274 (8th Cir. 2018) (finding Mo. Rev. Stat. § 195.211 required more than "mere words of an offer" for a sale and thus qualified as a controlled substance offense under the Guidelines definition). The district court properly calculated Jackson's guideline range.

Jackson also contends the court erroneously believed that, in the absence of the finding of Career Offender status, he would have been at a total offense level of 31 rather than the correctly calculated range of 30. In support of his argument, Jackson points to the sentencing court's statement that if he was not a career offender, he would have been in a guideline sentence range of 135-168 months (the level 31 range). Since we have already concluded that Jackson is properly a career offender, the only possible legal significance of this claim relates to any impact this may have had on the court's § 3553(a) analysis.

Courts have "wide latitude to weigh the § 3553(a) factors in each case." United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011). Relying on the § 3553(a) factors, the district court was thorough and precise in stating the reasons for its sentence. The court emphasized that after being convicted for distribution of heroin in 2015, Jackson "went right back to distributing heroin again." The court also noted that Jackson pled to a "lesser offense under the statute," even though his offense was

"serious" and involved coordinating shipments of heroin and marijuana from California and Arizona to Missouri. Even so, the court ultimately varied downward from the guideline range, taking into account Jackson's positive work history and contributions to society. "Where, as here, a district court varies below a properly calculated Guidelines sentence, it is 'nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. Lundstrom, 880 F.3d 423, 446 (8th Cir. 2018) (quoting United States v. Deering, 762 F.3d 783, 787 (8th Cir. 2014)).

We are unpersuaded that the court's stray comment about what the sentencing guideline range would have been without the career offender finding is significant. Even if the single-level difference were somehow significant, the 150-month sentence was still within Jackson's claimed guideline range, and any potential error would not affect Jackson's substantive rights.

## III.   Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____