# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-2209

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jason Michael Schumacher

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

———————

Submitted: April 15, 2019
Filed: July 8, 2019
[Unpublished]

———————

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

———————

PER CURIAM.

Jason Schumacher pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851.

Schumacher appeals his sentence, alleging that the district court[1] committed procedural error. We affirm.

Between July 2017 and his arrest on November 30, 2017, Schumacher engaged in a conspiracy to traffic at least 16.5 pounds of ice methamphetamine into the Northern District of Iowa.[2] After he pleaded guilty, the district court determined that his advisory sentencing guidelines range was 360 months to life in prison. At Schumacher's sentencing hearing, the district court emphasized that it had "carefully considered each and every [sentencing] factor" under 18 U.S.C. § 3553(a). At the Government's recommendation, it sentenced him to 360 months' imprisonment, the bottom of the guidelines range.

On appeal, Schumacher does not argue that the district court erred in calculating and applying the sentencing guidelines. Instead, he claims for the first time that the district court procedurally erred by failing to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," as required by 18 U.S.C. § 3553(a)(6).

"A district court commits procedural error if it fails to consider the § 3553(a) factors." *United States v. Barron*, 557 F.3d 866, 868 (8th Cir. 2009). Because Schumacher did not object at sentencing to the adequacy of the district court's consideration of the factors, our review is for plain error. *See id*. "Under plain error review, the party seeking relief must show that there was an error, the error is clear

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]"Methamphetamine generally comes in two forms: powder or crystalline form. The crystalline form is called 'ice' and is a purer form of methamphetamine. To be called 'ice' methamphetamine, the methamphetamine has to be at least 90% pure." *United States v. Becker*, 534 F.3d 952, 954 n.5 (8th Cir. 2008).

or obvious under current law, [and] the error affected the party's substantial rights." *United States v. Jackson*, 909 F.3d 922, 924 (8th Cir. 2018) (internal quotation marks omitted). "We will reverse only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Schumacher claims that the district court failed to consider how other judges in the same district sentence defendants for distributing purer forms of drugs, such as ice methamphetamine. But "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall v. United States*, 552 U.S. 38, 54 (2007). Thus, because the district court "correctly calculated and carefully reviewed the Guidelines range, [it] necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *See id.* Similarly, the district court was not required to consider policy disagreements that other judges in the same district have with the advisory guidelines for purer forms of drugs. *See United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014) ("[W]hile a district court may choose to deviate from the guidelines because of a policy disagreement, a district court is not required to do so." (internal quotation marks omitted)); *see also United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008) (declining to require district courts to consider arguments for lighter sentences based on the 100:1 disparity between crack and powder cocaine under the guidelines); *United States v. Sholds*, 827 F.3d 758, 760-61 (8th Cir. 2016). For these reasons, the district court also did not, as Schumacher claims, give "undue weight" to the guidelines relative to the sentences and policy preferences of other judges in the district.

Thus, the district court did not err, plainly or otherwise, when imposing Schumacher's sentence. We affirm.[3]

———————————————

———————————————

[3] To the extent Schumacher also claims that his sentence was substantively unreasonable, we likewise affirm. Our review in that instance is for an abuse of discretion. *Gall*, 552 U.S. at 51. Because the district court imposed a within-guidelines sentence, we may apply a presumption of reasonableness. *Id.* For the reasons already described, and considering that the district court imposed a sentence at the bottom of the advisory guidelines range, Schumacher has not overcome that presumption. The district court therefore did not abuse its discretion, and Schumacher's sentence is not substantively unreasonable.