# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3400
_____

United States of America

*Plaintiff - Appellee*

v.

Jose E. Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska

_____

Submitted: March 13, 2023
Filed: June 29, 2023
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In August 2022, Jose E. Garcia pled guilty to unlawfully possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] imposed a 33-month sentence, a downward variance from the United States

_____

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Judge for the District of Nebraska.

Sentencing Guidelines Manual ("Guidelines") 51- to 63-month recommended range. Garcia appeals, arguing the sentence is substantively unreasonable. We affirm.

We review the substantive reasonableness of the district court's sentence "under a 'deferential abuse-of-discretion standard.'" *United States v. Stephen*, 984 F.3d 625, 632 (8th Cir. 2021) (quoting *United States v. Cole*, 657 F.3d 685, 688 (8th Cir. 2011)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). However, "[t]he district court has wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). When a district court has already granted a downward variance, as was the case here, "it is 'nearly inconceivable that the court abused its discretion in not varying downward still further.'" *United States v. Jackson*, 909 F.3d 922, 925 (8th Cir. 2018) (quoting *United States v. Lundstrom*, 880 F.3d 423, 446 (8th Cir. 2018)).

No abuse of discretion occurred here. The district court clearly and adequately considered the § 3553(a) factors and gave significant weight to mitigating facts, such as Garcia's young age during parts of his criminal history and his commendable post-offense conduct, in deciding to vary downward 18 months below the recommended range. The district court also appropriately considered aggravating details in determining Garcia's sentence, including the lengthiness of his criminal history and his probationary status at the time of his offense.

Garcia nonetheless faults the district court for what he characterizes as having abused its discretion when weighing the § 3553(a) factors by overemphasizing aggravating details and underemphasizing mitigating details. We reject Garcia's argument. While the district court weighed the factors differently than Garcia preferred, "that alone does not justify reversal." *United States v. Brown*, 992 F.3d

665, 673–74 (8th Cir. 2021) (quoting *United States v. Moua*, 895 F.3d 556, 560 (8th Cir. 2018)); *see also United States v. Harrell*, 982 F.3d 1137, 1141 (8th Cir. 2020) (concluding no abuse of discretion where the district court weighed mitigating factors differently than the defendant did).[2]  We conclude Garcia's 33-month sentence is substantively reasonable as the district court carefully considered the § 3553(a) factors and acted within its broad discretion in weighing both mitigating and aggravating factors in coming to its decision.

For the foregoing reasons, the judgment of the district court is affirmed.

_____

_____

[2]Garcia also faults the district court for relying on the calculated base offense level but does not assert a procedural argument.  He simply highlights his disagreement with the Guidelines consideration of large-capacity magazines in its recommended base offense level.  *See* U.S. Sent'g Guidelines Manual § 2K2.1(a)(4)(B) (U.S. Sent'g Comm'n 2021).  Under our precedent, district courts *may*, based on policy grounds, disregard the Guidelines recommendations involving the capacity of firearms, but this decision is discretionary.  *See United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009).  The district court did not abuse its discretion by considering the large-capacity magazine involved in Garcia's offense and its effect on Garcia's base offense level.