# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-3293

_____

United States of America,

*Plaintiff - Appellee*,

v.

Michael L. Cravens, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: June 12, 2023
Filed: August 1, 2023
[Unpublished]

_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Michael Cravens, Jr., pleaded guilty to escape from a residential re-entry center. He was assigned to serve time at the center as part of a sentence for

unlawfully possessing a firearm as a previously convicted felon. The district court[1] sentenced him to thirty months' imprisonment for the escape. Cravens appeals the sentence, arguing that it is unreasonable because the district court gave insufficient weight to mitigating factors and imposed a sentence that is greater than necessary. We affirm.

In 2015, Cravens was convicted of the firearms offense. In November 2021, he was transferred to a residential reentry center in Missouri to serve the remainder of his sentence. On April 5, 2022, Cravens met with a probation officer as part of the reentry process. Cravens told the officer that he needed to be transferred to a different reentry center, and threatened to escape or "catch an assault charge" if his demands were not met. Cravens later stated that his frustration stemmed from being forced to quit well-paying jobs due to the reentry center's policies.

On April 15, 2022, Cravens escaped from the reentry center. Police officers found him on April 29 when they conducted a traffic stop of the vehicle that Cravens was driving. Cravens exited the vehicle and fled on foot. Officers later found Cravens hiding in the attic of a nearby residence and arrested him.

Cravens pleaded guilty to a charge of escape. *See* 18 U.S.C. §§ 751, 4082. At sentencing, the district court calculated an advisory guideline range of twenty-seven to thirty-three months' imprisonment and imposed a term of thirty months' imprisonment. Cravens argues that the sentence is unreasonable.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Cravens' sentence was within the range recommended by the Sentencing Commission, so we presume

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

that it is reasonable. *United States v. Barron*, 557 F.3d 866, 870 (8th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

Cravens argues that the district court gave insufficient weight to mitigating factors, including his commission of a non-violent escape offense, his focus on securing employment, his struggles with impulse control, and his exposure to abuse and drugs from a young age. Cravens also argues that the sentence is greater than necessary because escape from a non-secure residential reentry center is less violent than other forms of escape prohibited by 18 U.S.C. § 751(a).

The court confirmed at sentencing that it was "considering all of the mitigating points" raised by Cravens. The sentencing statute gives the district court wide latitude to weigh the relevant factors in each case. The pre-sentence report, to which Cravens did not object, detailed his history of violent behavior, including his assault of another inmate causing an orbital fracture, a home-invasion where he shot an occupant of the house, and his threat to kill two individuals while brandishing a handgun. The court properly considered this history of violence, and the need to protect the public, in declining to impose a more lenient sentence. *See* 18 U.S.C. § 3553(a)(1), (2)(C). The asserted mitigating factors were not so compelling that it was unreasonable for the court to treat Cravens as a typical offender who should be sentenced within the advisory guideline range.

Cravens also complains about a comment by the sentencing judge at the hearing. The judge originally told Cravens that he intended to impose a sentence at the top of the guideline range "because that's what you deserve," but then modified his thinking in light of "all of the mitigating points." Cravens suggests that the judge's original comment shows an abuse of discretion. But there is nothing wrong with the judge stating an original inclination and then adjusting that inclination based on mitigating evidence and argument. The course of proceedings shows that Cravens successfully persuaded the court to impose a less severe sentence than he might have

received, and the court properly exercised its discretion in light of the record as a whole.

The judgment of the district court is affirmed.

_____