# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3441
_____

United States of America,

*Plaintiff - Appellee,*

v.

Wyatt James Carter,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: May 8, 2023
Filed: August 4, 2023
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Wyatt Carter pleaded guilty to one count of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). According to the record at sentencing, Carter used three young relatives, aged eight, four, and two years, to produce child pornography.

The district court[*] sentenced him to an advisory guideline sentence of 360 months' imprisonment, which was also the statutory maximum penalty. *See* 18 U.S.C. § 2251(e). Carter asserts that the sentence is unreasonable, but we affirm the judgment.

The district court calculated Carter's offense level under the sentencing guidelines according to USSG § 2G2.1. The court applied a base offense level of 32, USSG § 2G2.1(a), and several specific offense characteristics: a four-level increase for an offense involving a minor who had not attained the age of twelve years, *id.* § 2G2.1(b)(1)(A), a two-level increase for an offense involving the commission of a sexual act or sexual contact, *id.* § 2G2.1(b)(2)(A), a two-level increase for knowingly engaging in distribution of sexually explicit material, *id.* § 2G2.1(b)(3), a four-level increase for an offense involving material that portrays an infant or toddler, *id.* § 2G2.1(b)(4)(B), and a two-level increase for a defendant who was a relative of the minor involved in the offense, *id.* § 2G2.1(b)(5). Carter does not dispute that the court properly calculated a total offense level of 49 under the guidelines, and his advisory guideline sentence was 360 months' imprisonment. *See* USSG § 5G1.1(a).

Carter argues that the district court should have varied downward from the guideline sentence, because § 2G2.1(b) was developed based "on statutory directives" rather than "an empirical approach" of the Sentencing Commission. But while a district court *may* vary below the advisory guideline sentence based on a policy disagreement with a guideline, the district court is not *required* to "disagree with any sentencing guideline, whether it reflects a policy judgment of Congress or the Commission's 'characteristic' empirical approach." *United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009). The court thus did not err by sentencing Carter in accord with the advisory guidelines.

---

[*]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Carter also maintains that his sentence is unreasonable for other reasons. The district court considered the sentencing factors under 18 U.S.C. § 3553(a), and concluded that the guideline sentence of 360 months' imprisonment was warranted. The court observed that Carter's creation of child pornography was "an incredibly heinous crime, and it's an ongoing crime," because the images that he created and placed on the Internet will be "out there for eternity." The court also cited Carter's admission that he committed between ten and fifty sexual assaults on a family member, and considered the overall harm to be "incalculable."

Carter acknowledges that his "offense was heinous," and "the harm grievous," but argues that the district court overlooked mitigating circumstances. He contends that the court should have given more weight to his immediate confession to law enforcement, and should have accounted for abuse that he suffered as a child. The district court, however, has wide latitude to weigh the § 3553(a) factors in each case, and may assign some factors greater weight than others in determining an appropriate sentence. In this case, the court decided that the aggravating circumstances were so severe that the statutory maximum punishment was necessary to serve the purposes of sentencing. Under the deferential abuse-of-discretion standard that applies to a sentencing determination, *see Gall v. United States*, 552 U.S. 38, 52 (2007), we conclude that imposition of the advisory guideline sentence was not unreasonable.

The judgment of the district court is affirmed.

_____