# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2099

_____

United States of America,            *
                                     *
         Appellee,                   *
                                     *    Appeal from the United States
    v.                               *    District Court for the
                                     *    Western District of Missouri.
Jason D. Gray,                       *
                                     *
         Appellant.                  *

_____

Submitted: January 14, 2008
Filed:  July 18, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and ERICKSON,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Jason Gray pled guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He was arrested at 3:40 a.m. on April 4, 2006, after a routine traffic stop during which a loaded .357 caliber handgun was found beneath the driver's seat of a vehicle that Gray

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

was driving. The district court[2] sentenced Gray to 84 months' imprisonment, a term that fell within the advisory guidelines range of 70 to 87 months for an offender at offense level 21 and criminal history category V. Gray appeals, arguing that the district court failed adequately to consider the sentencing factors in 18 U.S.C. § 3553(a). We affirm.

Under the advisory guidelines regime announced in *United States v. Booker*, 543 U.S. 220 (2005), and further explained in *Rita v. United States*, 127 S. Ct. 2456 (2007), and *Gall v. United States*, 128 S. Ct. 586 (2007), a sentencing court must consider the factors enumerated in § 3553(a) when selecting a sentence. A district court commits "significant procedural error" in this system if it fails "to consider the § 3553(a) factors" or fails "to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597. Gray observes that the district court did not expressly mention the § 3553(a) factors, and argues that the record fails to show that the court adequately considered them.

*Booker*, *Rita*, and *Gall* were hardly obscure decisions likely to have been overlooked by federal sentencing judges, and we presume that "district judges know the law and understand their obligation to consider all of the § 3553(a) factors." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (citing *Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("Trial judges are presumed to know the law and to apply it in making their decisions."), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002)). We have said that in determining whether the district court considered the relevant factors in a particular case, "the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing." *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008); *see also United States v. Robinson*, 516 F.3d 716, 718 (8th Cir. 2008). If a

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

district court "references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." *Perkins*, 526 F.3d at 1111 (internal quotation omitted).

When considering the related matter of whether a district court had provided the requisite "statement of reasons" for a sentence under 18 U.S.C. § 3553(c), the Supreme Court acknowledged that "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 127 S. Ct. at 2468. Where a sentencing judge imposes a sentence within the advisory guideline range, "[c]ircumstances may well make clear" that the judge believed the case was typical, and "rest[ed] his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence." *Id*. The Court observed that when a defendant presents non-frivolous arguments for a variance, "the judge will normally go further and explain why he has rejected those arguments," but *Rita* also indicates that not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge. *Compare id*. at 2469 ("The judge . . . *considered* Rita's lengthy military service, including over 25 years of service, both on active duty and in the Reserve, and Rita's receipt of 35 medals, awards, and nominations.") (emphasis added), *with id*. at 2474 (Stevens, J., concurring) (observing that Rita's status as "a veteran who received significant recognition for his service to his country" was "not mentioned" by the district judge, and characterizing this as a "serious omission" and "significant flaw in the sentencing procedure").

At sentencing in this case, Gray's counsel acknowledged that the advisory range was correctly calculated at 70-87 months' imprisonment, but argued that a sentence of 48 months was "more than adequate." She argued that two prior convictions underlying his base offense level, *see* USSG § 2K2.1(a)(2), did not warrant the sentence recommended by the Sentencing Commission. She suggested that the first conviction, for two counts of distribution of a controlled substance near a school in 1999, should not be used to "enhance" his sentence, because he was placed on

probation, with a suspended imposition of sentence, and "completed successfully" the three-year term of probation. She also urged the court to give little weight to the second conviction, for domestic assault and endangering the welfare of a child in 2003, because Gray pled guilty in exchange for a sentence of time served, "so that he could get out of jail immediately." (S. Tr. 5). Counsel also asserted that Gray did not have a history of threatening the use of firearms, that he suffers from a physical disability, and that he had been "adequately punished" for his prior criminal convictions. In his allocution, Gray asked for leniency by saying that "I know my background looks pretty bad and stuff," but "I'm trying to just get an opportunity to get myself together after this situation that's happened."

The sentencing judge, of course, was presented with a presentence report, which set forth Gray's offense conduct, criminal history, and personal history. *See United States v. Jones*, 493 F.3d 938, 941 (8th Cir. 2007) ("The report contains extensive information regarding [the defendant], his history and characteristics, the nature and circumstances of the offense, the kinds of sentences available, and a recommended advisory sentencing guidelines range, all of which are factors under § 3553(a)."), *vacated by* 128 S. Ct. 928 (2008), *and reinstated by* No. 06-3489, 2008 WL 1901729, at *1 n.2 (8th Cir. May 1, 2008) (per curiam) (unpublished). This report disclosed that the 1999 drug offenses discussed by Gray's counsel involved two undercover purchases of crack cocaine from Gray near a middle school. With respect to the probationary sentence for those offenses, the report explained that Gray "incurred several violations during this term of probation," including failure to pay court costs, failure to perform community service, and arrests for new offenses of domestic assault in the third degree, assault on a law enforcement officer, domestic assault in the second degree, and endangering the welfare of a child. The state court, however, "chose not to act on these reported violations," and Gray's term of probation expired as scheduled after three years. (PSR ¶ 29). As for the 2003 domestic assault, the presentence report explained that Gray had assaulted the mother of his child, while she was holding an infant in her arms, by slapping her with an open hand and punching

her with a fist, each time causing the victim to fall down a flight of stairs with the child. The offense conduct concluded with Gray kicking the victim in the back and ribs as she lay on the floor shielding her child. (PSR ¶ 32). Gray also had sustained convictions for larceny under fifty dollars in 1998, possession of marijuana in 1999, two counts of third-degree domestic assault in 2002, two counts of assault on a law enforcement officer in 2002, and driving while suspended on two occasions in 1998 and once in 2003.

The presentence report set forth Gray's history of alcohol consumption, including a medical diagnosis of alcoholic liver damage. It also described prior drug use, beginning as early as 2000, including Gray's admission that he was under the influence of marijuana and ecstasy at the time of the instant offense in 2006, and Gray's submission of at least one specimen that tested positive for cocaine while attending an outpatient substance abuse program in 2003. (PSR ¶ 61; Addendum at 2). The report explained that Gray dropped out of high school in the eleventh grade, never achieved a GED, and had no reported employment history. Gray's sister advised the probation office that Gray "could use help with his anger issues." (PSR ¶ 57).

It was in this context that the district court rendered its sentencing decision. After hearing from Gray and his counsel, the court observed that Gray had neither a high school diploma nor a GED, and urged him to get a GED or to learn a skill while in prison so he could get a "decent job." The court also admonished Gray that he was "going to have to get off of using drugs and alcohol," and that while Gray was only 26 years old, he was off to a "kind of rocky start." The court then sentenced Gray to a term of 84 months' imprisonment, and recommended that he be placed in an institution where he could receive drug treatment and anger-control treatment, and where he could earn a GED and get training to learn a business or profession.

Gray did not object at sentencing to the adequacy of the district court's explanation or consideration of § 3553(a), so we review his objection on appeal for plain error. *Perkins*, 526 F.3d at 1111. We do not think Gray has established a plain procedural error. As in *Rita*, the judge "might have added explicitly that he had heard and considered the evidence and argument," or that he thought Gray's personal circumstances were not sufficient to warrant a sentence different than that recommended by the Sentencing Commission for the typical case. 127 S. Ct. at 2469. As in *Perkins*, where the district court said simply that "the record speaks for itself," 526 F.3d at 1111, the judge might have given more detailed reasons with specific reference to the § 3553(a) factors. *Cf. United States v. Guarino*, 517 F.3d 1067, 1069 (8th Cir. 2008). But we are satisfied, in context, that the district judge here was aware of the § 3553(a) factors and adequately considered them in selecting an appropriate sentence. He referred to relevant portions of Gray's history and characteristics, including his lack of education or training, his prior substance abuse, and his "rocky start." The latter remark evidently was a short-hand reference to Gray's criminal history, and given the serious nature of this history, we do not think further elaboration was necessary in response to counsel's argument that Gray's prior offenses allegedly resulted in an advisory sentence that was greater than necessary. We see no substantial argument that Gray's case was atypical; the case is "conceptually simple." *Rita*, 127 S. Ct. at 2469. The circumstances thus make it clear to us that the sentencing judge rested his decision on the Sentencing Commission's own reasoning that the advisory guidelines sentence is sufficient, but not greater than necessary, to satisfy the purposes of § 3553(a)(2) for the typical offender with Gray's offense conduct and criminal history. *See id.* at 2468.

The judgment of the district court is affirmed.

_____