# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3420

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Jorge Armando Sanchez, | * | District of Minnesota. |
| | * | |
| Appellant. | * | |

_____

Submitted: May 29, 2009
Filed: June 9, 2009

_____

Before RILEY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Jorge Sanchez pleaded guilty to an indictment charging that he knowingly conspired with several named individuals to distribute and possess with the intent to distribute in excess of 500 grams of a substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Mr. Sanchez and his co-conspirators were arrested following the sale of 1,364 grams to a confidential informant.

Mr. Sanchez appeals his 168-month prison sentence, arguing that the district court[1] clearly erred in attributing to him an additional 223.72 grams of methamphetamine that was seized from the residence of his coconspirators. We disagree. The drugs seized from the coconspirators were reasonably foreseeable as part of the same course of conduct. See United States v. Gordon, 510 F.3d 811, 817 (8th Cir. 2007) (district court may consider as relevant conduct all drugs that government shows by preponderance of evidence were part of same course of conduct or common scheme as conspiracy), cert. denied, 128 S. Ct. 2519 (2008). Thus, we conclude the district court did not clearly err in holding Mr. Sanchez responsible for over 1,500 grams of methamphetamine. See United States v. Ault, 446 F.3d 821, 823 (8th Cir. 2006) (standard of review); United States v. Davis, 457 F.3d 817, 825 (8th Cir. 2006) (judicial findings of drug quantity do not violate Sixth Amendment when made under advisory Guidelines regime).

Last, we hold that Mr. Sanchez's within-Guidelines-range sentence was not substantively unreasonable, as we find no indication that the district court overlooked a relevant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing appropriate factors. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (listing circumstances that may warrant finding abuse of discretion).

Accordingly, we affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.