# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1053

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Robert D. Webster, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: June 8, 2009
Filed: August 5, 2009

———————

Before SMITH and SHEPHERD, Circuit Judges, and LIMBAUGH,[1] District Judge.

———————

PER CURIAM.

Robert Webster appeals from the twenty-four-month revocation sentence that the District Court[2] imposed after Webster admitted to violating the terms of his supervised release. We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

In 2002, Webster was charged in federal court with the attempted sexual abuse of his sister-in-law on the Omaha Indian Reservation. He pleaded guilty and was sentenced to fifty-seven months of imprisonment to be followed by three years of supervised release. Among the conditions of his supervised release: Webster was not to purchase, possess, or use alcohol.

While he was incarcerated, Webster completed the residential substance-abuse program offered by the Bureau of Prisons. But in July 2006, within weeks of his release from prison, he was arrested for driving under the influence of alcohol after leading authorities on a high-speed car chase. Webster had a child in the car with him at the time. A year later, he was again cited for driving while intoxicated. Soon after, the government sought to revoke Webster's supervised release, but the Petition for Offender Under Supervision was held in abeyance while Webster completed another residential alcohol-treatment program. The petition was dismissed on March 17, 2008. Again, within six months, Webster was cited for driving under the influence of alcohol and for threatening the arresting officer and others. In September 2008, the government filed a second petition seeking revocation. At the revocation hearing, Webster admitted that he had violated the conditions of his supervised release by consuming alcohol. The advisory United States Sentencing Guidelines range of imprisonment upon revocation was three to nine months. See U.S.S.G. § 7B1.4 (Policy Statement). Nevertheless, as recommended by the United States Probation officer and requested by the Assistant United States Attorney, the district court imposed a sentence of twenty-four months' imprisonment, the statutory maximum revocation sentence, 18 U.S.C. § 3583(e)(3), with no further supervised release to follow. Webster appeals, challenging the reasonableness of his sentence.

In reviewing a revocation sentence, we apply the same standard as we do when reviewing an initial sentence. United States v. Miller, 557 F.3d 910, 915–16 (8th Cir. 2009). That is, the sentence must be free of procedural error and substantively reasonable. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). A

sentence may be procedurally flawed if, for example, the sentencing court improperly calculates the Guidelines range, fails to consider the sentencing factors in 18 U.S.C. § 3553(a), calculates a sentence based on clearly erroneous facts, or fails to explain any deviation from the Guidelines range. Id. "Assuming that the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. A sentence may be unreasonable if "the district court overlooked a relevant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing appropriate factors." United States v. Armando Sanchez, 567 F.3d 1009, 1010 (8th Cir. 2009) (per curiam). Webster does not contend that the court committed procedural error, but he does maintain that the court (1) failed to consider a relevant factor and (2) erred in weighing the remaining § 3553(a) factors, resulting in an unreasonable sentence.

Webster first argues that the district court ignored altogether one of the § 3553(a) factors when determining his sentence, that is, the advisory range of imprisonment for revocation sentences noted in the Guidelines policy statement, § 7B1.4. See 18 U.S.C. § 3553(a)(4)(B). It is true that the district court did not mention the applicable range when imposing its sentence, but we reject Webster's contention that the court did not consider it. During the hearing, the court referenced "the calculation worksheet and the updated presentence report from Probation." Tr. at 10. Counsel for Webster also acknowledged "the worksheet that was filed with everybody and the Court" and brought up the three-to-nine-month advisory Guidelines range at the hearing. Id. The district court thus was well aware of the advisory sentencing range, and Webster gives us no reason to presume that the court did not consider the Guidelines policy statement when imposing a sentence outside that range. See United States v. Whirlwind Soldier, 499 F.3d 862, 874 (8th Cir. 2007) ("[W]here the court has before it the information relevant to the factors, we presume the factors are considered when the court determines the sentence."), cert. denied, 128 S. Ct. 1286 (2008).

Webster also argues that the district court "made a clear error in judgment in balancing the remaining statutory sentencing factors." Br. of Appellant at 9. We disagree. When sentencing Webster, the district court stated, "It is obvious the defendant needs treatment. . . . I think he needs to be in a very structured environment to receive the maximum benefit of treatment." Tr. at 18. The court went on to declare the twenty-four-month sentencing recommendation to be "reasonable and . . . in the best interests of the defendant." Id. So while the court clearly was concerned that Webster receive the necessary substance-abuse treatment in an appropriate setting, that expressed concern is not de facto evidence that the court did not weigh the other relevant factors. Although the court only mentioned one of the sentencing factors during the hearing, we are satisfied that the experienced district court judge was aware of and gave proper consideration to all of the relevant factors. See United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____