# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1035

_____

United States of America,               *
                                       *

      Appellee,              *
                                       *   Appeal from the United States

     v.                     *   District Court for the
                                     *   District of North Dakota.

Perry Terrance Paul, also known as  *
Perry Terrance Littleghost,     *   [UNPUBLISHED]
                                       *

      Appellant.            *

_____

Submitted: October 21, 2010
Filed: February 9, 2011

_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Perry Terrance Paul violated the conditions of his supervised release, and the district court[1] sentenced him to 14 months' imprisonment with no further term of supervised release. Paul appeals his sentence, arguing that the district court failed adequately to explain the reasons for the sentence and that the sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota.

On August 26, 2003, Paul pled guilty to one count of unlawful possession of a firearm as a previously convicted felon. The district court sentenced him to 77 months' imprisonment, followed by 36 months' supervised release. One of the conditions of Paul's supervised release required him to reside at a halfway house. When he completed his term of imprisonment on March 13, 2009, he was placed at Centre, Inc., in Fargo, North Dakota.

On his first day at Centre, Inc., Paul refused to reside there, demanded to be placed in jail, and threatened to abscond. He also reported having suicidal thoughts. He was placed in county jail pending a screening for civil commitment, but he did not qualify, and he was returned to Centre, Inc. Shortly thereafter, he began to violate facility rules. He missed required programming, stopped taking his medication, signed out for employment but went elsewhere, failed to wake up early enough to find temporary employment, and was found in possession of contraband, including medications that were not prescribed to him, a tattoo gun, and tattoo ink. Paul was discharged from Centre, Inc., for noncompliance on June 26, 2009.

The district court modified the conditions of Paul's supervised release on July 15, 2009. The court placed Paul at the Lake Region Law Enforcement Center for a minimum of six months, after which he was to reside in Dakotah House – another halfway house – for the remainder of his term of supervised release. While at the Lake Region Law Enforcement Center, Paul urinated on his cell floor, defecated on his cell floor and smeared his feces on his cell door and door frame, hoarded his medication, traded phone cards for another inmate's medication, refused to take his medication, threatened to overdose on his medication, left notes for juvenile female inmates, and was found in possession of alcohol and nonprescription medications belonging to another inmate. Paul was discharged from the Lake Region Law Enforcement Center for noncompliance on November 12, 2009.

The government petitioned to revoke Paul's supervised release based on his discharge from the Lake Region Law Enforcement Center. At a revocation hearing, Paul asked the district court to modify the terms of his supervised release by ordering confinement in a county jail for up to 8 months, followed by the remainder of his term of supervised release. Paul also promised that he would "sign a paper" stating that if he "mess[ed] up" while in county jail, the district court could impose a sentence of 24 months' imprisonment, the maximum sentence permitted under 18 U.S.C. § 3583(e)(3).

The district court calculated Paul's sentencing range under the advisory guidelines as 8 to 14 months' imprisonment. The court then revoked Paul's supervised release, sentenced him to 14 months' imprisonment, and declined to impose additional supervised release.

Paul argues on appeal that the district court failed adequately to explain the reasons for its sentencing decision. A district court, in analyzing the sentencing factors set forth in 18 U.S.C. § 3553(a), "is not required to provide a 'full opinion in every case,' but must 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *United States v. Robinson*, 516 F.3d 716, 718 (8th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). We consider the adequacy of the district court's explanation in light of the entire sentencing record, and not merely the district court's statements at sentencing. *Id.* Because Paul did not object at his revocation hearing to the adequacy of the court's explanation, we review only for plain error. *United States v. Gray*, 533 F.3d 942, 945 (8th Cir. 2008).

The district court did not expressly mention the § 3553(a) factors in its explanation of Paul's sentence, but it did address a number of the relevant § 3553(a) considerations. In particular, the district court discussed Paul's "history of what can only be described as incorrigible behavior," his failure to follow the rules at each of

the institutions in which he had been confined since his release from prison, and his failure to follow the treatment protocols at each institution. *See* 18 U.S.C. § 3583(e); The court also specifically considered and rejected Paul's proposed modification of the conditions of his supervised released, stating that in light of Paul's repeated noncompliance, such a modification would be fruitless. Where "a district court 'references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute.'" *Gray*, 533 F.3d at 944 (quoting *United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008)). Accordingly, we conclude that the district court did not commit plain error in explaining its sentencing decision.

Paul also argues that his sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing. We review the substantive reasonableness of a revocation sentence under a deferential abuse-of-discretion standard, *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008), and we presume that a sentence within the properly calculated guidelines range is reasonable. *Perkins*, 526 F.3d at 1110. Given Paul's demonstrated unwillingness to follow the rules at both a halfway house and a state law enforcement center, the extent of his noncompliance at each institution, and his insistence during the revocation hearing that much of his noncompliant conduct was justified, the district court acted well within its discretion in selecting a firm sentence of 14 months' imprisonment with no further supervised release.

The judgment of the district court is affirmed.

_____