# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2654

_____

United States of America,          *
           *
         Appellee,        *
           *   Appeal from the United States
    v.             *   District Court for the
           *   Eastern District of Missouri.
Mat A. Matney,         *
           *     [UNPUBLISHED]
         Appellant.      *

_____

Submitted: January 13, 2011
Filed: July 13, 2011

_____

Before WOLLMAN, LOKEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mat A. Matney pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Matney to 41 months' imprisonment. On appeal, Matney challenges the district court's denial of his request for a downward variance from the applicable Guidelines range. For the following reasons, we affirm.

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

## I. *Background*

Matney has a previous felony conviction in Missouri. Approximately three months after Matney's release from prison, federal and state law enforcement officers executed a search warrant at Matney's residence in Clarkton, Missouri. During the search, the officers found 48 rounds of .44-caliber ammunition and a shotgun. Matney soon arrived home and, when confronted, admitted that he owned the ammunition but stated that the shotgun belonged to his son.

After searching Matney's residence, officers discovered that Matney had ammunition stored at another location in Clarkton. The officers executed a search warrant for a storage building at that location and found three locked safes, which they opened using a combination that Matney provided. This search uncovered 18 firearms and "a large quantity of assorted rounds of ammunition, including three, one hundred-round drum-style ammunition magazines that fit one of the firearms located in the buildings."

Matney subsequently pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report (PSR) calculated a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(B), because the offense "involved a semiautomatic firearm that is capable of accepting a large capacity magazine." The PSR recommended a four-level sentencing enhancement for an offense involving 18 firearms, pursuant to U.S.S.G. § 2K2.1(b)(1)(B), and a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Based on Matney's adjusted offense level of 21 and his criminal history category of II, the PSR calculated an advisory Guidelines range of 41 to 51 months' imprisonment.

Prior to sentencing, Matney filed a sentencing memorandum in which he argued that the recommended Guidelines range was "greater than necessary to fulfill the purposes of sentencing and exaggerates or overstates the seriousness of this offense."

First, Matney maintained that he merely collected the ammunition in question and had inherited a number of the weapons from a collection that originated with his uncle. According to Matney, he mistakenly believed that he could legally store these items away from his residence.

Second, Matney challenged the legitimacy of the Guidelines as applied to his offense. He argued that the Sentencing Commission created the base offense level of 20, under § 2K2.1(a)(4)(B), after Congress passed a law in 1994 banning the use of semiautomatic assault weapons. The heightened offense level for felons possessing such a firearm survived the expiration of the statutory ban in 2004. Thus, he argued that the Guidelines overstated the seriousness of his offense.

Third, Matney asserted that, if not for this heightened base offense level, he would have been eligible for a decrease to an offense level of 6 for felons who possess a weapon for lawful sporting or collection purposes. Despite claiming to own his firearms and ammunition for collection purposes, he was not eligible for the decreased offense level because his base offense level was greater than 14.

Matney also sought leniency because he works and supports his family, had overcome a previous alcohol addiction, and had never been convicted of a crime involving violence. For these reasons, Matney requested a sentence of "a year and a day."

At his sentencing hearing, Matney again confirmed that he had "no objections to the advisory Guidelines calculations or the facts underlying those calculations." Accordingly, the district court adopted the PSR's Guidelines range of 41 to 51 months' imprisonment. Matney's attorney then orally reiterated the sentencing memorandum's arguments. The government responded that the Guidelines range was based primarily on the large-capacity ammunition magazines, contended that there is "no real legitimate purpose" for possessing such types and quantities of ammunition, and noted

-3-

that the Guidelines did not account for the fact that Matney possessed more than one large-capacity magazine.

After hearing from the parties, the court announced that, in light of 18 U.S.C. § 3553(a), it would sentence Matney to 41 months' imprisonment. The court also imposed two years of supervised release and announced several conditions of supervision, including, among others, a requirement that Matney participate in a drug or alcohol abuse treatment program and a mental health program.

After the district court announced the 41-month sentence, Matney's counsel expressed his concern that the district court had not "considered its power to vary from the advisory Guidelines range for the reasons submitted in the sentencing memorandum or adequately applied those reasons to the 3553(a) factors." In response, the court stated:

> Noting for the record in response to what the Court will consider a statement of inquiry by counsel, the Court did in evaluating and considering the appropriate sentence for the defendant consider all those statements set forth not only in open court but also in writing provided to the Court by counsel and has concluded therefrom that the sentence imposed by the Court, which was the minimum sentence within the suggested Guideline[s] range, is appropriate under all of the attendant circumstances and is not more than is reasonable or necessary to meet the goals of and purposes of sentencing.

## II. *Discussion*

On appeal, Matney argues that the district court committed a procedural error because it "gave no explanation for choosing a 41-month prison term, and offered no reasons for rejecting defense counsel's detailed illustration of how the Guideline[s] range did not fit the nature and circumstances of Matney's offense." Although he acknowledges that district courts "need not give full opinions addressing every sentencing factor in every case," he contends that the district court must provide a

more detailed explanation in an "atypical case" like his, where he presented "non-frivolous arguments for a different sentence." Matney also asserts that the applied Guidelines do not reflect the actual nature of his offense, since he possessed the firearms and ammunition merely as a collector. Matney also maintains that the Guidelines applied to him were based on a federal ban on semiautomatic weapons that has since been repealed and, as a result, do not reflect the Sentencing Commission's characteristic institutional role. Thus, Matney argues that the district court was required to address more fully what he describes as his "substantial and uncommon arguments." Given the court's "generic assertion" that it considered all of the arguments and found the Guidelines sentence appropriate, Matney contends that this court cannot undertake meaningful appellate review.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotations and citations omitted). The first step of our review requires us to "ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). We will, however, "presume that 'district judges know the law and understand their obligation to consider all of the § 3553(a) factors.'" *United States v. Gray*, 533 F.3d 942, 943 (8th Cir. 2008) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)). Indeed, the district court need not "mechanically recite the § 3553(a) factors," so long as the record clearly demonstrates "that the court properly considered those factors." *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009).

Not every case requires a lengthy explanation of the district court's reasons for imposing a particular sentence. *Gray*, 533 F.3d at 944. For example, "[w]here a sentencing judge imposes a sentence within the advisory guideline range, '[c]ircumstances may well make clear' that the judge believed the case was typical, and

'rest[ed] his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 357 (2007)). On the other hand, if "a defendant presents non-frivolous arguments for a variance," the district court may choose to explain why it has rejected that argument; nonetheless, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *Id.* Thus, in some cases, we have found it sufficient if the district court listens to and considers—but rejects without explicitly addressing—the defendant's argument for a variance. *See, e.g.*, *United States v. Jones*, 563 F.3d 725, 729–30 (8th Cir. 2009) (upholding sentence where the district court did not discuss all the evidence but did read the defendant's sentencing memorandum and listen to his arguments and evidence at the sentencing hearing). In sum, "[t]he sentencing judge need only 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasonable basis for exercising his own legal decisionmaking authority.'" *Id.* at 729 (quoting *Rita*, 551 U.S. at 356).

Here, the district court did not procedurally err by providing an abbreviated explanation for Matney's sentence. While the court did not discuss any of the § 3553(a) factors, it explicitly indicated that it had considered them. Moreover, Matney's attorney specifically objected that the court had not explained its sentence in light of the § 3553(a) factors. Thus, the record shows that the district court did, in fact, "properly consider[] those factors." *Lazarski*, 560 F.3d at 733. Likewise, the district court did not have to provide specific reasons for rejecting Matney's arguments. Although Matney characterizes his arguments as "substantial and uncommon," the question of whether a defendant's argument is "typical" is one ultimately left to the discretion of the district court. *See Gray*, 533 F.3d at 944 (noting that "'[c]ircumstances may well make clear' that *the judge believed the case was typical*" (emphasis added) (quoting *Rita*, 551 U.S. at 357)). The district court explicitly noted that it had considered all of Matney's written and oral arguments for a downward variance but nonetheless chose to impose a sentence at the bottom of the applicable Guidelines range. The court simply found Matney's arguments

unpersuasive. While the court could have provided a more complete explanation for rejecting Matney's arguments, its failure to do so does not automatically constitute procedural error.

### III. *Conclusion*

For the foregoing reasons, we affirm the judgment of the district court.

_____