# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3883

_____

United States of America

*Plaintiff - Appellee*

v.

William Wellington Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2013
Filed: October 31, 2013
[Unpublished]

_____

Before GRUENDER, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

William Williams pleaded guilty to one count of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). The district court[1] sentenced

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Williams to 151 months' imprisonment at the bottom of the advisory sentencing guidelines range. Williams appeals, arguing that the district court failed to explain his sentence and that his sentence is substantively unreasonable. We affirm.

In April 2012, while on supervised release from a 2004 bank robbery conviction, Williams robbed three TCF Banks. Law enforcement officers arrested Williams while he was robbing the third bank. Williams pleaded guilty to one count of aiding and abetting his co-defendant, Kevin Davis, in a bank robbery. Williams qualified as a career offender because this offense is a crime of violence and because he had two prior convictions for crimes of violence, a 2000 aggravated battery conviction and the 2004 conviction for bank robbery. *See* U.S.S.G. § 4B1.1. At sentencing, Williams urged the district court to impose a sentence below the advisory guidelines range of 151 to 188 months' imprisonment. Williams argued that (1) his unmedicated psychological issues reduced his culpability, (2) the career offender designation was based on an offense committed when he was only sixteen years old, and (3) a sentence within the guidelines range would result in an unwarranted disparity with the sixty-month sentence of a similarly situated bank robber in an unrelated case and with the thirty-four month sentence of his co-defendant.

Williams argues the district court committed procedural error because it failed to provide adequate explanation for giving the sentence imposed rather than the sentence Williams requested. At sentencing, a district court commits a "significant procedural error" if it "fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Williams did not object at sentencing to the adequacy of the district court's explanation. Therefore, we review Williams's procedural claim for plain error. *See United States v. Gray*, 533 F.3d 942, 945 (8th Cir. 2008).

We conclude that the district court did not commit procedural error. The Supreme Court has said, "when a judge decides simply to apply the Guidelines to a

particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). The Court noted, however, that when a defendant presents non-frivolous arguments for a variance, then a judge "will normally go further and explain why he has rejected those arguments." *Id.* at 357. But "not every reasonable argument . . . requires a specific rejoinder by the judge." *Gray*, 533 F.3d at 944.

Here, the district court clearly explained its reasons for imposing a sentence at the bottom of the guidelines range. The court stated that 151 months was just punishment, not more than necessary to accomplish the objectives of the criminal justice system, and was commensurate with that of similarly situated bank robbers. The court believed it was necessary to escalate the consequences of Williams's present offense above and beyond the consequences of his previous offenses, including his 2004 bank robbery for which the court previously had imposed a sentence of seventy-seven months. Moreover, Williams concedes the district court fully responded to his argument regarding his psychological issues. While the district court did not specifically address Williams's argument that one of the predicate offenses to his career offender status occurred when he was sixteen years old, the district court does not have to provide specific reasons for rejecting every argument. *See id.* In this case, we are satisfied that the district court adequately explained the bottom-of-the-guidelines sentence and did not commit procedural, much less plain, error.

Williams also argues the court imposed a substantively unreasonable sentence because the sentence was greater than necessary to satisfy the statutory goals of sentencing and because the district court failed to consider adequately substantial mitigating circumstances, including his psychological issues, sentencing disparities with other similarly situated bank robbers, and his age at the time of one of the predicate offenses for his career offender status. We review sentences for substantive reasonableness using an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. "A

-3-

district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)).

We conclude that the district court did not abuse its discretion in sentencing Williams to 151 months' imprisonment. First, Williams does not claim that the district court gave significant weight to any improper or irrelevant factor. Second, we find that the district court did not fail to consider a relevant factor that should have received significant weight. The court expressly considered Williams's argument that his sentence would create disparities between his sentence and those of his co-defendant and another convicted bank robber.[2] Williams concedes the court fully considered his mitigation argument regarding his psychological issues. The court also read a letter from Williams, reviewed the PSR, and heard his argument that one of the predicate offenses for his career offender status occurred when he was sixteen years old. Thus, we are satisfied that the court considered the relevant factors. *See United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) (holding the district court considered defendant's mitigation claims where the district court heard oral argument on the issues at sentencing, had the PSR, and had letters submitted on the defendant's behalf).

Finally, we cannot conclude that the district court committed a clear error of judgment in weighing these factors when it imposed a bottom-of-the-guidelines sentence. *See United States v. Harris*, 493 F.3d 928, 932 (8th Cir. 2007) (holding a

---

[2]We find that, in actuality, neither Davis, Williams's co-defendant, nor the other defendant identified by Williams, are similarly situated. Neither of them are career offenders, and as the district court stated, Davis's conduct was "far different than [Williams's conduct]."

sentence within the guidelines range is presumed to be reasonable). As we have consistently held, "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011) (quoting *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009)). Here, the court considered Williams's mitigation arguments but appropriately was concerned about his extensive and serious criminal record as well as the facts of this case—three bank robberies within two months of beginning his term of supervised release after receiving a seventy-seven month sentence for the 2004 bank robbery. Therefore, we conclude Williams's sentence is not substantively unreasonable.

The judgment of the district court is affirmed.

_____