# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2595

_____

United States of America

*Plaintiff - Appellee*

v.

Daniel J. Lloyd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: April 3, 2017
Filed: July 5, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Daniel "Dirty" Lloyd entered a plea of guilty to a single count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846.

The district court[1] sentenced him to a term of 188 months imprisonment. Lloyd appeals contending that the sentence is substantively unreasonable. We affirm.

## I. Background

In early 2015, undercover officers made several controlled buys of methamphetamine from Bryn Huffman, who identified her boyfriend, Daniel "Dirty" Lloyd, as her source for the drugs. During the final purchase, Huffman sat in the undercover officer's vehicle parked just outside Lloyd's residence with Lloyd standing nearby and directing the terms of the sale. Police subsequently seized 90.8 grams of methamphetamine from Lloyd's apartment.

At the time of the offense, twenty-eight year old Lloyd was on parole for a prior controlled substance conviction. Lloyd's adult criminal history includes convictions for robbery, delivery or intent to deliver a controlled substance, domestic assault, criminal mischief, resisting arrest, failure to appear on felony bond, and marijuana possession. He also has prior adult convictions for possession or use of drug paraphernalia, assault by mutual consent, criminal trespass, and disturbing the peace, among others.

Lloyd's United States Sentencing Guidelines range was determined by the district court to be 151 to 188 months. After overruling motions for upward variance by the United States and for downward variance by Lloyd, the district court sentenced Lloyd to 188 months incarceration.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

## II. Analysis

Lloyd contends that his 188-month sentence is substantively unreasonable. "[W]e consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard." United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Substantive reasonableness is reviewed "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51.

In determining Lloyd's sentence, we are satisfied that the district court seriously considered Lloyd's arguments and gave appropriate weight to all of the relevant 18 U.S.C. § 3553(a) factors. "[A] sentencing court must consider the factors enumerated in § 3553(a) when selecting a sentence." United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008). "A court abuses its discretion if it fails to consider a relevant factor that should have received significant weight; . . . gives significant weight to an improper or irrelevant factor; or . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Miller, 557 F.3d at 917 (alterations in original) (internal quotation marks omitted). "[I]t will be the unusual case when we reverse a district court sentence . . . as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

First, Lloyd's 188-month sentence is within the United States Sentencing Guidelines range of 151 to 188 months and, therefore, is entitled to a presumption of substantive reasonableness on appeal. See, e.g., United States v. Spotted Elk, 548 F.3d 641, 668 (8th Cir. 2008) ("A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal . . . .").

Second, the district court was aware of the § 3553(a) factors, which were illuminated in the sentencing hearing as the two sides argued their motions for

sentences outside the Guidelines. The district court is not required to orally catalog its findings under the § 3553(a) factors. Miller, 557 F.3d at 917 ("Although the court is required to consider the relevant factors, it is not required to make specific findings with respect to each factor considered."). "[I]n determining whether the district court considered the relevant factors in a particular case, the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing." Gray, 533 F.3d at 944 (internal quotation marks omitted).

Here, the district court was fully apprised of "the nature and circumstances of [Lloyd's] offense and the history and characteristics of [Lloyd]." 18 U.S.C. § 3553(a)(1). "[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). "[E]vidence that the district court was aware of the relevant § 3553(a) factors required to be considered can be inferred from the record." United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005). The court's awareness of the relevant factors can be inferred from its review of the original and revised presentence investigation reports (PSR) and its acceptance of a downward revision in the Guidelines sentence at the beginning of the sentencing hearing. The inference is apparent because the revised PSR included material informing the court regarding the offense conduct, computation of the Guidelines range, Lloyd's criminal history, Lloyd's "personal and family data," assessments of Lloyd's physical and emotional health, Lloyd's substance abuse history, and Lloyd's educational level—clearly making the court aware of relevant § 3553(a) factors as the court considered the downward revision.

In addition, the district court was further made aware of Lloyd's "history and characteristics" while presiding over the sentencing hearing when it heard Lloyd's arguments such as: (1) "[A] lot of [Lloyd's] trouble was due to drug and alcohol use"; (2) Lloyd was the victim of "arrested development" such that "he has been 13 years old for the last 15 years"; and (3) "[Lloyd] didn't have a solid upbringing."

-4-

Sentencing Tr. 7:9-7:11, 8:25-9:1, May 26, 2016, ECF No. 72. Similarly, the court heard Lloyd's emotional statement of love for his mother, who has a drug history of her own and was in the courtroom to support Lloyd during sentencing. During its argument for an upward variance, the government made the court aware of Lloyd's extensive past criminal history and the fact that Lloyd would likely be considered a career criminal if records were available for one of his convictions from Texas.

Likewise, the district court's language mirrors the statute showing that it was fully aware of other relevant § 3553(a) factors including "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Without mentioning the § 3553(a) factors by name, the court's language mirrored the statute almost verbatim as it overruled motions from both sides and stated the reasons it chose a sentence within the Guidelines range, saying:

> Recognizing that the guidelines are advisory, the following sentence is imposed to reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence, to protect the public against further crimes of the Defendant and, more generally, to satisfy all the statutory goals of sentencing, I sentence the Defendant to 188 months in prison.

Thus, the district court properly considered the statutory factors in arriving at Lloyd's sentence of 188 months.

### III. Conclusion

After careful review of the record, we find that the district court committed no

abuse of discretion, adequately considered the relevant § 3553(a) factors, and did not impose a substantively unreasonable sentence.

Affirmed.

_____