# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1226

_____

United States of America,

*Plaintiff - Appellee,*

v.

Timothy Moore,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 14, 2019
Filed: October 28, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Timothy Moore appeals after he pleaded guilty to possessing a prohibited object in prison, and the district court[1] sentenced him to a prison term at the low end

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

of the advisory sentencing guidelines range. His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which she seeks permission to withdraw. Counsel argues that the district court erred in calculating Moore's criminal history score by assessing three criminal history points based on a prior conviction for which he had been sentenced to three years in prison, but had served only 60 days. Counsel also argues that the district court imposed a substantively unreasonable sentence.

Upon careful review, we conclude that the district court correctly calculated Moore's criminal history score, as he was sentenced to 3 years in prison for the prior conviction at issue. Criminal history points are based on the sentence pronounced, not the length of time actually served, as long as the defendant actually served *some* period of imprisonment. *See* U.S.S.G. §§ 4A1.1(a); 4A1.2, comment. (n.2). We further conclude that the district court did not impose a substantively unreasonable sentence. *See generally United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc). The district court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a) by discussing Moore's criminal history and inability to conform his conduct to the law. *See United States v. Gray*, 533 F.3d 942, 943-44 (8th Cir. 2008). In addition, we presume that a sentence within the advisory guidelines range is substantively reasonable. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014).

Finally, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____