<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JACOB GABRIEL IBANEZ,

      Defendant - Appellant.

No. 17-1337

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:17-CR-00039-RBJ-1)**
_____

Submitted on the briefs[*]:

Virginia L. Grady, Federal Public Defender, John T. Carlson, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Robert C. Troyer, United States Attorney, Michael C. Johnson, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.
_____

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.
_____

_____

[*]    The parties have not requested oral argument, and it would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Mr. Jacob Ibanez was convicted of unlawfully possessing a gun. On appeal, he challenges his 50-month sentence on the ground that it was substantively unreasonable. This challenge requires Mr. Ibanez to show that the ultimate sentence was unreasonable based on the statutory sentencing factors. *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). But Mr. Ibanez fails to address any of the statutory factors. Instead, he attacks the reasonableness of a guideline provision invoked by the district court. Even if we were to agree with Mr. Ibanez's criticism of the guideline provision, this criticism would not implicate the reasonableness of the sentence itself. As a result, we affirm the sentence.

1. **Standard of Review**

In reviewing Mr. Ibanez's challenge, we apply the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Under this standard, we can reverse only if the 50-month sentence was arbitrary, capricious, whimsical, or manifestly unreasonable. *United States v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009).

2. **Substantive Reasonableness**

We apply this standard based on the nature of the underlying appellate contention. In considering a substantive-reasonableness challenge, we presume that the sentence was reasonable if it fell within the applicable guideline range. *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165 (10th Cir. 2010). To rebut this presumption, the defendant

would need to show that the statutory sentencing factors render the sentence unreasonable. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).

### 3.    Mr. Ibanez's Appellate Argument

The 50-month sentence fell within the guideline range, triggering the presumption of reasonableness. With this presumption, we consider the district court's explanation for the sentence. *United States v. Barnes*, 890 F.3d 910, 916-17 (10th Cir. 2018). This explanation reflected the district court's consideration of Mr. Ibanez's unlawful possession of two guns, a number of felonies in his past, a history of violating probation and absconding from parole, his commission of the present offense while on supervised release, a substantial arrearage in child support, his possession of semiautomatic weapons while abusing substances, a continued threat to community safety, and the guideline range.

Mr. Ibanez does not question the presumption of reasonableness or argue that a 50-month term is unreasonable. He instead argues that the district court increased the offense level based on a guideline that was itself unreasonable, U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(B). But even if the guideline had been unreasonable, we would have little cause to question the reasonableness of the sentence itself. *See United States v. Talamantes*, 620 F.3d 901, 902 (8th Cir. 2010) (per curiam) ("Whatever the district court's views as to the Sentencing Commission's

3

policy judgment underlying a particular guidelines provision, our proper role on appeal is only to determine whether the district court abused its discretion by imposing a substantively unreasonable sentence on a particular offender.").

The reasonableness of the guideline was an appropriate consideration for the district court but is not material here. If the district court had agreed with Mr. Ibanez's criticism of the guideline, the court could have chosen not to apply the enhancement. *United States v. Lopez-Macias*, 661 F.3d 485, 489–90 (10th Cir. 2011). But the district court also had the discretion to follow the guideline. *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165–66 (10th Cir. 2010); *see United States v. Barron*, 557 F.3d 866, 870–71 (8th Cir. 2009) (stating that even if a district court could disregard the guideline provision (§ 2K2.1(a)(4)(B)) on policy grounds, the court could also follow the provision regardless of whether it reflects a congressional policy judgment or an empirical approach). In exercising this discretion, the district court explained why it was choosing to follow the guideline: "[I]t is rational to distinguish high-capacity magazines for harsher punishment because . . . high-capacity magazines have the potential to spew out more bullets and cause more harm." R. vol. 3 at 27–28. This explanation fell within the district court's considerable realm of discretion.

The outcome would remain the same even if we could otherwise consider the validity of the guideline. Mr. Ibanez's challenge stems from the origin of the guideline provision. It originated with a federal statute banning the possession of semiautomatic assault weapons. Public Safety & Recreational Firearms Use Protection Act, Pub. L. No. 103-322, Title XI, Subtitle A, § 110102, 108 Stat. 1996 (1994). With passage of the statute, the U.S. Sentencing Commission adopted a guideline provision increasing the offense level when a prohibited person possesses a semiautomatic assault weapon. U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(B).

Though the federal statute lapsed in 2004, the Sentencing Commission retained the substance of the guideline provision, stating that the enhancement applies when a semiautomatic weapon can fit a magazine capable of accepting 15 or more rounds of ammunition. *Id.* § 2K2.1 cmt. 2. In retaining the substance of the provision, the Sentencing Commission determined that the public is endangered when prohibited persons possess large-capacity magazines. *United States v. Myers*, 553 F.3d 328, 331 (4th Cir. 2009).

For this determination, the Sentencing Commission could rely on its own policy judgment notwithstanding the expiration of Congress's ban on semiautomatic weapons. *See United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009) (stating that the district court acted reasonably in following the Sentencing Commission's policy judgment on large-capacity magazines

5

notwithstanding Congress's repeal of the ban); *see also United States v. Roberts*, 442 F.3d 128, 130 (2d Cir. 2006) (per curiam) (stating that the Sentencing Commission could incorporate the definition of prohibited magazines after the congressional ban had been repealed).[1] In light of the Sentencing Commission's authority to make its own policy judgments, the guideline enhancement for possession of large-capacity magazines is not undermined by expiration of the congressional ban.

**4.    Conclusion**

Mr. Ibanez does not challenge the reasonableness of the 50-month sentence. He instead challenges the reasonableness of a guideline provision authorizing an enhancement. In our view, the Sentencing Commission validly exercised its policymaking judgment by adopting the guideline enhancement. But even if the Sentencing Commission's policymaking judgment had been misguided, this fact would not have rendered Mr.

---

[1]    Even after expiration of the congressional ban, numerous states and municipalities have continued to criminalize possession of large-capacity magazines. Cal. Penal Code § 32310(c); Colo. Rev. Stat. Ann. § 18-12-302; Conn. Gen. Stat. § 53-202w(b); Hawaii Rev. Stats. Ann. § 134-8(c); Md. Code Ann., Crim. Law § 4-305(b); Mass. Gen. Laws Ann. ch. 269, § 10(m); N.J. Stat. Ann. § 2C:39-3(j); N.Y. Penal Law § 265.02(8); Vt. Stat. Ann. tit. 13, § 4021(a); City of Los Angeles, Cal. Mun. Code § 46.30(b)(1); City of Oakland, Cal. Ord. Code § 9.38.040(A); City of San Francisco, Cal. Police Code § 619(c); City of Sunnyvale, Cal. Mun. Code § 9.44.50; City of Tiburon, Cal. Ord. Code § 32-35; City of Aurora, Ill. Ord. Code § 29-49(a); City of Burbank, Ill. Ord. Code § 9-64.1(d); City of Chicago, Ill. Mun. Code 8-20-085(b); City of Highland Park, Ill. Ord. Code § 136.005; Cook Cty., Ill. Ord. Code § 54-212(a); City of Philadelphia, Pa. Code § 10-821b(2)(c), (h), (3); *accord* D.C. Code § 7-2506.01(b).

Ibanez's sentence unreasonable. As a result, we reject his challenge to the sentence.

Affirmed.