**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMIAH JOHN MARTINEZ,

    Defendant - Appellant.

No. 17-8097
(D.C. No. 1:17-CR-00163-SWS-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

    Defendant Jeremiah John Martinez pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court calculated Martinez's base offense level as 20 (before applying a 3-point reduction for acceptance of responsibility) and his criminal history category as VI, resulting in an advisory guideline range of 51 to 63 months' imprisonment. The district court sentenced Martinez to 51 months' imprisonment. Martinez appeals, arguing that the district court

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(1) incorrectly calculated his base offense level; and (2) imposed a substantively unreasonable sentence because it failed to recognize that Martinez's criminal history category overrepresented his criminal history. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we reject Martinez's arguments and affirm the judgment of the district court.

I

Martinez's present conviction was the result of two controlled gun purchases from Martinez by an ATF informant. ROA, Vol. 2 at 19–20. One sale occurred on May 5, 2017, and the second on May 12, 2017. Id. On July 20, 2017, a federal grand jury returned an indictment charging Martinez with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 14, 2017, Martinez pled guilty to Count Two of the Indictment, which related to his May 12, 2017 firearm possession. ROA, Vol. 1 at 6. The remaining count, Count One, was dismissed. Aplt. Br., Ex. 1 at 1.

The probation office prepared a presentence investigation report (PSR). Because Martinez's offense involved possessing a firearm "which is capable of accepting a large capacity magazine," the PSR calculated a base offense level of 20 under U.S.S.G. § 2K2.1. ROA, Vol. 2 at 22. The PSR then applied a 3-point reduction for acceptance of responsibility, resulting in an offense level of 17. Id. at 23.

The PSR also arrived at a total criminal history score of 17 and a resulting criminal history category of VI based, in relevant part, on three 2014 convictions with offense dates of November 8, 2013 (Possession of a Controlled Substance—Subsequent

2

Offense); December 23, 2013 (Buying/Receiving Stolen Property); and January 29, 2014 (Theft/Larceny), each of which was assigned 3 criminal history points. Id. at 25–27. Together, the total offense level and criminal history category resulted in an advisory guidelines sentencing range of 51 to 63 months' imprisonment. Id. at 33.

Martinez submitted a sentencing memorandum asserting that, "while this may be a proper guideline calculation, . . . . [it] is over[-]representative of the seriousness of his criminal history and his likelihood to reoffend." Id. at 41–42. He noted that the sentences for his three 2014 convictions were all imposed to run concurrently, and "it is likely the facts surrounding these three charges were related." Id. at 41. He argued that "[a] more accurate reflection would be a criminal history level of five." Id. at 42.

Martinez's sentencing hearing was held on December 19, 2017. The district court confirmed that Martinez and the government both agreed with the calculated guideline range of 51 to 63 months' imprisonment based on a total offense level of 17 and a criminal history category of VI. Aplt. Br., Ex. 1 at 5–6. Martinez argued for a guideline departure or variance because he did not "believe that the drafters of the sentencing guidelines would have imagined somebody in [Martinez]'s situation with so relatively few actual convictions in his history would end up with such a high Criminal History Category." Id. at 8–9. He stated his belief that society would not be "better served by keeping [Martinez] in prison for any longer than it absolutely has to," and that "the best option is to give [Martinez] an opportunity to get some good inpatient drug treatment[,] which he will receive in prison and he is eligible for." Id. at 10–11.

The district court rejected Martinez's request for a departure or variance, stating,

3

"in criminal history we're trying to assess the individual's likelihood to make good choices," and noting that Martinez "has accelerated his bad choices." Id. at 12. Stating its belief that Martinez's increased criminal activity was "absolutely due to his controlled substance problem and addiction," the district court nevertheless could not "conclude that his criminal history is overrepresented," and found that "under the circumstances, . . . the criminal history is properly calculated to represent, unfortunately, Mr. Martinez['s] accelerating bad choices." Id. at 12–13. The district court sentenced Martinez to 51 months' imprisonment and "strongly recommend[ed that Martinez] participate in and successfully complete the 500[-]hour residential drug abuse program." ROA, Vol. I at 14.

Final judgment was entered on December 20, 2017. Martinez filed a notice of appeal on December 28, 2017.

## II

Martinez raises two issues on appeal. First, he asserts that the district court incorrectly calculated his base offense level. Second, he argues that a criminal history category of VI overrepresented his criminal history. As discussed below, we conclude that both arguments lack merit.

### Base Offense Level

Martinez argues that the district court incorrectly calculated his base offense level by applying U.S.S.G. § 2K2.1(a)(4), which dictates a base offense level of 20 if a defendant possessed a "semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(4). Martinez contends that, under Apprendi v.

4

New Jersey, 530 U.S. 466 (2000), and United States v. O'Brien, 560 U.S. 218 (2010), the enhanced base offense level violated his Fifth Amendment right to a jury trial by its reliance on a judicial finding which rested only on a preponderance of the evidence.

Martinez did not challenge the calculation of his base offense level before the district court, so we review for plain error.[1] United States v. Salas, 889 F.3d 681, 684 (10th Cir. 2018). Plain error occurs when there is: "(1) an error; (2) that is plain or obvious; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." United States v. Avery, 295 F.3d 1158, 1181–82 (quoting United States v. James, 257 F.3d 1173, 1182 (10th Cir. 2001)).

Martinez fails on the first prong of the plain error analysis: he cannot show that the district court erred in applying § 2K2.1(a)(4) and concluding that Martinez's base offense level (before the 3-point reduction for acceptance of responsibility) was 20. Although "[e]lements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt," "[s]entencing factors . . . can be proved to a judge at sentencing by a preponderance of the evidence." O'Brien, 560 U.S. at 22. The rule comes with one

---

[1] Martinez shies away from conceding that he failed to raise this argument in the district court, asserting that, although he did not "specifically" argue that his base offense level was incorrectly calculated, he "did object to the sentence calculated by the PSR with his objection focused on the calculation of the criminal history category." Aplt. Br. at 6. It is not enough, however, for Martinez to have voiced a generalized objection to his sentence. See United States v. Gantt, 679 F.3d 1240, 1246–47 (10th Cir. 2012). Rather, his objection must sufficiently apprise the district court of the alleged error such that the court could have, itself, corrected the error had it been so inclined. See, e.g., United States v. Chavez-Morales, 894 F.3d 1206, 1213 (10th Cir. 2018). Accordingly, we review for plain error.

exception: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." Apprendi, 530 U.S. at 490 (alteration in original) (internal quotation marks omitted). That is, "judge-found sentencing factors cannot increase the maximum sentence a defendant might otherwise receive." O'Brien, 560 U.S. at 224. However, the Supreme Court "has definitively held that Apprendi does not apply to the present advisory-Guidelines regime." United States v. Ray, 704 F.3d 1307, 1314 (10th Cir. 2013) (citing United States v. Booker, 543 U.S. 220, 259 (2005)).

Title 18 U.S.C. § 924 states that an individual convicted for knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) "shall be . . . imprisoned not more than 10 years." Here, Martinez was sentenced to 4 years and 3 months (51 months) for possessing a firearm as a convicted felon. Therefore, his sentence did not exceed the statutory maximum penalty, and Martinez does not show that the district court erred in applying § 2K2.1(a)(4) or violated his constitutional rights in applying § 2K2.1(a)(4).

*Criminal History Category*

Martinez next argues that the district court erred in concluding that he had a criminal history category of VI because that criminal history category overrepresented his criminal history. Martinez does not assert that the district court incorrectly calculated his criminal history category, a claim which, if properly preserved, would merit de novo review. See United States v. Melton, 131 F.3d 1400, 1403 ("We review the sentencing court's application of the guidelines de novo . . . ."). Rather, Martinez argues—as he did

6

in district court—that the district court should have concluded that his properly calculated criminal history category of VI overrepresented his criminal history and merited either a departure or a variance. Aplt. Br. at 10; see also ROA, Vol. II at 42. He also contends that the district court did not adequately consider the sentencing factors and imposed an "unreasonable" sentence. Aplt. Br. at 12.

In reviewing this claim, "we apply the abuse-of-discretion standard." United States v. Ibanez, 893 F.3d 1218, 1219 (10th Cir. 2018). "Under this standard, we can reverse only if the [51-month] sentence was arbitrary, capricious, whimsical, or manifestly unreasonable." Id. "[W]e afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Balbin-Mesa, 643 F.3d 783, 788 (10th Cir. 2011) (quotations omitted). Further, where, as here, the sentence "fell within the applicable guideline range," we must "presume that the sentence was reasonable." Ibanez, 893 F.3d at 1219. "To rebut this presumption, the defendant [must] show that the statutory sentencing factors render the sentence unreasonable." Id.

Martinez argues that the district court's "agreement with the PSR and the Guidelines that Mr. Martinez's 2013 and 2014 crimes are crimes that should 'always' be counted separately[] . . . resulted in an overrepresentation of Mr. Martinez's criminal history." Aplt. Br. at 12. Martinez also appears to argue that the district court's failure to depart or vary based on his criminal history indicates that the district court considered the Guidelines to be mandatory. Id. Finally, Martinez contends that the district court "did

7

not take into adequate account his need for drug rehabilitation," resulting in an unreasonable sentence. Id. at 13.

Considering the statutory sentencing factors and the record in this case, Martinez does not overcome the presumption of reasonableness that we afford to the district court's sentence. The sentencing record in this case clearly establishes that the district court was familiar with and took into account Martinez's history and characteristics. The district court noted Martinez's convictions for three separate offenses committed in November 2013, December 2013, and January 2014. Aplt. Br. Ex. 1 at 12–13. The district court ultimately found "the criminal history [wa]s properly calculated to represent, unfortunately, Mr. Martinez['s] accelerating bad choices." Id. Nothing in the record indicates that the district court considered itself bound by the Guideline calculation or believed it lacked the authority to impose a sentence above or below the properly calculated Guideline range. Rather, the sentencing transcript indicates that the district court independently considered Martinez's criminal history and concluded that it represented Martinez's "accelerating bad choices." Id.

The district court also properly considered Martinez's history of drug abuse and need for treatment. The district court discussed how Martinez had "accelerated his bad choices," and noted its belief that "part of that is . . . absolutely due to his controlled substances problem and addiction." Id. at 12. Finally, the district court "strongly recommend[ed that Martinez] participate in and successfully complete the 500[-]hour residential drug abuse program." ROA, Vol. I at 14.

The record indicates that the district court took into account Martinez's criminal

history, history of substance abuse, and need for treatment when determining that Martinez's "criminal history [wa]s properly calculated," and that a "51-month sentence [wa]s sufficient, but not greater than necessary" in light of the statutory sentencing factors. Aplt. Br., Ex. 1 at 13. We are therefore persuaded that the sentence imposed by the district court was entirely reasonable and well within § 3553(a) parameters.

The judgment of the district court is therefore AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge