**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4414**

───────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANTHONY DEWAYNE DAYE,

          Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:21-cr-00030-KDB-DSC-1)

───────────────

Submitted:  September 29, 2023          Decided: January 16, 2024

───────────────

Before QUATTLEBAUM and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:** John G. Baker, Federal Public Defender, Melissa S. Baldwin, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Dewayne Daye appeals his convictions and 151-month sentence imposed following his guilty plea to dealing in firearms without a license and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(a)(1)(A), 923(a), 924(a)(1)(D), and eight counts of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On appeal, Daye contends that his guilty plea was not knowing and intelligent and that his sentence is procedurally and substantively unreasonable. For the following reasons, we affirm his convictions and sentence, and we remand for correction of a clerical error in the judgment.

We first consider the validity of Daye's guilty plea. Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Daye neither raised an objection during the Fed. R. Crim. P. 11 proceeding nor moved to withdraw his guilty plea in the district court, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Daye "must show that: (1) an error occurred; (2) the error was plain; and (3) the

2

error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc).

Daye argues that the magistrate judge failed to comply with the requirements of Rule 11 in advising him of the maximum penalty he faced as a result of his guilty plea. We disagree. First, while the magistrate judge did not explicitly advise Daye that his sentences could run consecutively, Rule 11 "does not require a district court to inform the defendant of [even] mandatory consecutive sentencing." *United States v. General*, 278 F.3d 389, 395 (4th Cir. 2002). Indeed, as "[n]umerous other courts" have held, "a district court's failure to advise a defendant that sentences could run consecutively does not render a guilty plea invalid" so long as the district court advises the defendant of the maximum statutory penalty on each count, because "the logical inference from a listing of the maximum terms of imprisonment for the individual counts is that the terms of imprisonment for each could run consecutively." *United States v. Adams*, 955 F.3d 238, 245-46 (2d Cir. 2020) (collecting cases). Here, we conclude that the magistrate judge properly advised Daye of the maximum statutory penalty as to each count of conviction and, thus, complied with the rule's mandate regarding the possible term of imprisonment that Daye could receive.

Daye further argues that the magistrate judge was obliged to advise him of the possible penalties he could face if he violated the terms of his supervised release. Contrary to Daye's assertions, there is no requirement that a district court inform a defendant at a Rule 11 hearing as to the potential revocation sentencing penalties that could be imposed upon violation of a condition of supervised release. *See United States v. Nicholson*, 676 F.3d 376, 381-82 (4th Cir. 2012) (noting that defendants need not be made aware of

3

collateral consequences of guilty plea and defining collateral consequences as those "beyond the direct control of the court" (emphasis omitted)).  Here, the magistrate judge properly informed Daye of the significance of supervised release by advising him that he could be subject to an additional term of imprisonment if he violated the terms of his supervised release.  We reject Daye's contention that potential revocation penalties constituted part of the maximum term of imprisonment for his criminal offenses, as a revocation sentence—imposed to punish a breach of the sentencing court's trust—is separate and distinct from any punishment imposed for underlying criminal conduct.  *See United States v. Crudup*, 461 F.3d 433, 437-38 (4th Cir. 2006).

Daye next argues that the magistrate judge failed to advise him of the maximum term of supervised release that he could receive for his § 922(g)(1) convictions.  While the magistrate judge informed Daye that he would be subject to a term of supervised release for these convictions, he did not advise Daye of the three-year maximum for that term; this was error.  *United States v. Thorne*, 153 F.3d 130, 133 (4th Cir. 1998).  However, a vacatur of Daye's guilty plea is not warranted because he has not shown that this error affected his substantial rights.  In the guilty plea context, a defendant can establish that his substantial rights are affected by showing a reasonable probability that he would not have pleaded guilty but for the Rule 11 omission.  *Sanya*, 774 F.3d at 816.  Daye points to no evidence in the record suggesting that he would not have pleaded guilty absent the error, and we conclude that he has failed to make the required showing.  The magistrate judge properly advised Daye that he was subject to a three-year term of supervised release due to his conviction for selling firearms without a license, and the district court ultimately sentenced

4

Daye to that term. Therefore, the magistrate judge correctly informed Daye of the maximum term of supervised release he could be subject to based on his plea. *See* 18 U.S.C. § 3624(e) (mandating that multiple terms of supervised release run concurrently). Accordingly, the magistrate judge's error did not affect Daye's substantial rights.

Turning to Daye's sentence, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. We then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Daye first contends that two statements by the district court—regarding the likelihood that illegally sold firearms will be used to commit additional crimes as well as the court's understanding of Daye's criminal history—were factually erroneous, thus rendering his sentence procedurally unreasonable. We review the district court's factual findings for clear error. *United States v. McDonald*, 28 F.4th 553, 561 (4th Cir. 2022). A factual finding is clearly erroneous when the reviewing court "on the entire evidence" is

"left with the definite and firm conviction that a mistake has been committed." *United States v. Hasson*, 26 F.4th 610, 626 (4th Cir.), *cert. denied*, 143 S. Ct. 310 (2022) (internal quotation marks omitted). Further, as Daye did not challenge either of these findings in the district court, we review these claims only for plain error.

We have reviewed the record and conclude that, even assuming that the district court erred by sentencing Daye based, in part, on clearly erroneous factual findings, the Government has shown that the alleged errors did not affect Daye's substantial rights. *See United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010) (in sentencing context, defendant must show "that he would have received a lower sentence had the error not occurred"). The district court's consideration of Daye's criminal history and recidivism and its concern with protecting the public by deterring illegal firearm sales were both aggravating sentencing factors that the court properly considered. Even without the statements to which Daye now objects, the court's concerns regarding those factors were valid and supported by the record. Daye is therefore not entitled to relief on these claims.

Next, Daye argues that the district court failed to adequately address his nonfrivolous mitigating arguments in explaining his sentence. "A district court is required . . . to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "[A] district court's explanation should provide some indication that the court considered the § 3553(a) factors . . . and also that it considered [the] defendant's nonfrivolous arguments for a lower sentence." *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (cleaned up). However, "in a routine

6

case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted). Further, when the court has fully addressed the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Nance*, 957 F.3d at 214. We have reviewed the record and conclude that the district court adequately considered the parties' arguments and explained its rationale for imposing Daye's 151-month sentence.

Finally, Daye argues that his sentence is substantively unreasonable. However, he fails to rebut the presumption of reasonableness attached to his within-Guidelines-range sentence. *See Louthian*, 756 F.3d at 306. We further discern no plain error resulting from the district court's failure to vary downwardly based on Daye's policy disagreement with the Sentencing Guidelines.[*] "Although a sentencing court [is] entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data . . . it is under no obligation to do so," *United States v. Rivera-Santana*, 668 F.3d 95, 101 (4th Cir. 2012) (citation omitted). In any event, the district court plainly had a rational basis for adhering to the advisory sentencing range, as "semiautomatic weapons are likely more dangerous than other kinds of weapons." *United States v. Barron*, 557 F.3d 866, 870-

---

[*] We recognize that Daye preserved a challenge to the substantive reasonableness of his sentence by arguing for a lower sentence than the one he received. However, plain error review applies to Daye's argument regarding his policy disagreement with the Guidelines because Daye's objection below "was too general to alert the district court" to the specific challenge he now raises on appeal. *United States v. Hope*, 28 F.4th 487, 495 (4th Cir. 2022) (internal quotation marks omitted).

71 (8th Cir. 2009) (internal quotation marks omitted) (rejecting substantive reasonableness challenge based on policy disagreement with U.S. Sentencing Guidelines Manual § 2K2.1); *see also United States v. Ibanez*, 893 F.3d 1218, 1220-21 (10th Cir. 2018) (rejecting challenge based on same policy disagreement with the Guidelines). We thus discern no abuse of discretion in the district court's imposition of a 151-month term of imprisonment.

Accordingly, we affirm Daye's convictions and sentence. We remand, however, for the limited purpose of correcting a clerical error in the judgment, which incorrectly lists the § 922(g)(1) offense charged in Count Nine as occurring on February 26, 2020, rather than February 26, 2021. *See* Fed. R. Crim. P. 36 (governing clerical errors). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*